IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP )<br><br>Plaintiff, )<br><br>v. )<br><br>DIRK A. KEMPTHORNE, in his official capacity, )<br>THE BUREAU OF LAND MANAGEMENT, )<br><br>Federal Defendants, )<br><br>and )<br><br>ANADARKO PETROLEUM CORP., *et al.* )<br><br>Proposed Defendant-Intervenor. ) | | 07-cv-01486-RJL |

**DEFENDANTS' NOTICE OF RELATED CASE**

Pursuant to Local Civil Rule 40.5, Federal Defendants hereby file a notice of related case. The rule provides that civil cases

> are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction ...

LCvR 40.5(a)(3). The rule further provides that whenever an attorney for a party in a civil case becomes aware of a related case, "the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties." LCvR 40.5(b)(3).

On May 21, 2007, the Bureau of Land Management (BLM) published a notice of

1

availability of the Record of Decision (ROD) for the Final Environmental Impact Statement for the Atlantic Rim Natural Gas Field Development Project in Carbon County, Wyoming. 72 Fed. Reg. 28518 (May 21, 2007). The ROD documents BLM's decision to approve a plan for future management of the federal surface and mineral estate in the Atlantic Rim Project Area in south-central Wyoming. BLM adopted an alternative that involves drilling approximately 2,000 gas wells in the area; the project is expected to produce nearly 1,350 billion cubic feet of natural gas, or enough natural gas to heat 19 million homes for a year. The ROD did not approve any actual on the ground activity, but stated that further site-specific analysis would be required prior to approval of an application for permit to drill (APD). See http://www.blm.gov/style/medialib/blm/wy/nepa/rfodocs/atlantic_rim/rod.Par.46558.File.dat/ROD.pdf at 1, 3. BLM prepared the Atlantic Rim Natural Gas Field Development Project Final Environmental Impact Statement (Atlantic Rim EIS) to analyze the impacts of that decision. The Atlantic Rim EIS is an important common thread in both related cases.

In Theodore Roosevelt Conservation Partnership v. Kempthorne, 07-cv-01486-RJL (TRCP), which is pending before this Court, TRCP challenged the Atlantic Rim ROD and EIS through a complaint filed on August 17, 2007. TRCP alleged violations of the National Environmental Policy Act (NEPA) and the Federal Land Policy and Management Act (FLPMA). Specifically, TRCP claims that BLM violated NEPA by failing to "provide a meaningful analysis of mitigation measures" in the Atlantic Rim EIS. TRCP Complaint, docket 1, at ¶ 69. TRCP also alleges that BLM failed to take a "hard look" at the potential environmental consequences of the project, including its cumulative impacts and effects on sage grouse. Id. at ¶¶ 2, 73, 80. TRCP further alleges that approval of the Project violates FLPMA because it

approves a level of development that is inconsistent with the existing resource management plan (RMP). Id. at ¶¶ 83, 84. Finally, TRCP requested that the Court "[e]njoin BLM from taking any further action in reliance on the unlawful ROD, including the authorization of any specific oil and gas operations;" and "[e]njoin BLM from taking any further action in reliance on the unlawful EIS, including the 'tiering' of any future NEPA compliance document (e.g., environmental assessment, determination of NEPA adequacy, or supplemental EIS) off of the EIS." Id., Prayer for Relief at D, E. An answer has not yet been filed.

Pursuant to NEPA's implementing regulations, agencies are "encouraged to tier their environmental impact statements to eliminate repetitive discussions of the same issues and to focus on the actual issues ripe for decision at each level of environmental review." 40 C.F.R. § 1502.20. The regulation explains that whenever a broad EIS, such as the Atlantic Rim EIS, is prepared, a subsequent environmental assessment for a site-specific action "need only summarize the issues discussed in the broader statement" and "shall concentrate on the issues specific to the subsequent action." Id. Natural Resources Defense Council (NRDC) challenges two site-specific decisions that are tiered to the Atlantic Rim EIS, the Catalina plan of development and the Sun Dog plan of development.

On September 25, 2007, NRDC and others filed a complaint in the United States District Court for the District of Columbia, accompanied by a motion for preliminary injunction for two BLM decisions made on June 28, 2007 and on August 16, 2007. NRDC v. Kempthorne, 07-cv-01709 (ESH). They did not file a notice of related case. However, their challenge involves common issues of fact and law and grows out of the same event or transaction. Similar to TRCP, the plaintiffs in NDRC allege that on May 21, 2007, BLM issued a ROD "approving the Atlantic

Rim Development Project with its 2,000 new wells." NRDC Complaint, docket #1, at ¶ 54. Specifically, NRDC challenges plans of development for two projects that tiered their analysis to the programmatic Atlantic Rim EIS. NRDC alleges that BLM received APDs for the Catalina plan of development in the Atlantic Rim Project area and that BLM approved the Catalina plan of development for 36 coal bed natural gas wells, relying in part on "the earlier analysis that had been done as part of the Atlantic Rim Development Project EIS." NRDC Complaint, ¶ 58. BLM completed a Tiered Environmental Assessment (EA) and Finding of No Significant Impact (FONSI) for that decision, which was made on June 28, 2007. Id. NRDC also alleges that BLM completed a Tiered EA and FONSI for 48 wells in the Sun Dog plan of development, which was approved on August 16, 2007. Id., ¶ 60. In fact, NRDC itself claims that "the adequacy of the Atlantic Rim Development Project FEIS is relevant to the lawfulness of BLM's approval of the wells challenged herein." Plaintiffs' Memorandum in Support of Their Motion for a Preliminary Injunction at 8-9 (Plfs' PI Mem. at __).

    NRDC alleges that BLM violated NEPA by failing to provide for public participation prior to approving APDs for the Catalina and Sun Dog plans of development. Id., ¶ 71. NRDC also alleges that BLM violated NEPA by failing to adequately consider sage grouse mitigation measures prior to approving the Catalina and Sun Dog plans of development. Id., ¶ 76. According to NRDC, "[n]either the Catalina EA/FONSI/DR nor the previous Atlantic Rim Development Project EIS adequately analyzed a reasonable range of alternative mitigation measures for sage grouse." Id., ¶ 74. Similarly, NRDC alleges that the Sun Dog EA and FONSI and the Atlantic Rim EIS did not analyze a reasonable range of mitigation measures for sage grouse. Id. ¶ 75. NRDC further alleges that the two EAs and the Atlantic Rim Development EIS

failed to take a hard look at the environmental impacts of the proposed action, including cumulative impacts. Complaint, ¶¶ 79-82. In the memorandum supporting its preliminary injunction motion, NRDC argues that the cumulative impact analysis in the Atlantic Rim Development EIS is inadequate. Plfs. PI Mem. at 23. NRDC also alleges a violation of FLPMA, claiming that BLM's actions are inconsistent with the applicable Resource Management Plan because the Atlantic Rim Development Project, along with the 90 wells approved in the Catalina and Sun Dog plans of development exceed the number of wells considered in the RMP. Complaint, ¶¶ 86-87. Finally, NRDC claims that BLM violated the Clean Water Act by approving APDs without ensuring compliance with state water quality standards. Id., ¶ 92.

Both TRCP and NRDC involve common issues of fact and law, and grow out of the same event or transaction, because they both challenge the adequacy of BLM's analysis in the Atlantic Rim Development EIS. As discussed above, TRCP and NRDC both claim that BLM failed to consider appropriate mitigation, the potential impacts on sage grouse, and cumulative impacts. E.g., TRCP Complaint, ¶¶ 69, 73, 80; NRDC Complaint, ¶¶ 74, 76, 79-82. Both complaints allege that BLM failed to adequately consider the cumulative impacts of the proposed action, although NRDC's complaint takes the next step and challenges site-specific action. TRCP Complaint, 71-73; NRDC Complaint ¶¶ 79-82. Both actions bring an identical FLPMA challenge, alleging that BLM violated FLPMA because the number of wells proposed in the Atlantic Rim Development Project is inconsistent with the existing resource management plan. TRCP Complaint, ¶ 84; NRDC complaint, ¶¶ 86-87. Likewise, the claims for relief overlap. TRCP generally seeks to enjoin authorization of oil and gas operations, such as Sun Dog and

5

Catalina, and to prohibit BLM from tiering to the Atlantic Rim EIS, as it did in making the decisions to approve those projects. TRCP Complaint, Request for Relief at D, E. NRDC specifically requests a preliminary injunction against the Catalina and Sun Dog Projects, and to prohibit any further approvals tiered to the Atlantic Rim ROD. NRDC Complaint, Prayer for Relief at 2, 3. Ultimately, resolution of both cases will require the Court to evaluate the adequacy of the programmatic Atlantic Rim EIS.

On September 26, 2007, Federal Defendants also filed a notice of related case in NRDC v. Kempthorne, 07-cv-1709-ESH.

Respectfully submitted this 26th day of September, 2007.

>RONALD J. TENPAS
>Acting Assistant Attorney General
>United States Department of Justice
>Environment & Natural Resources Division
>
>Jon Lipshultz
>United States Department of Justice
>Environment & Natural Resources Division
>Environmental Defense Section
>PO Box 23986
>Washington, DC 20026-3986
>Phone: (202) 514-2191
>
>  s/ Lori Caramanian
>Lori Caramanian
>United States Department of Justice
>Environment and Natural Resources Division
>Environment & Natural Resources Division
>1961 Stout Street, 8th Floor
>Denver, CO 80294
>Phone: (303) 844-1499
>Fax: (303) 844-1350
>
>Attorneys for Federal Defendants