IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP<br>555 Eleventh Street, N.W., 6th Floor<br>Washington, DC 20004,<br><br>    Plaintiff<br><br>vs.<br><br>DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior<br>1849 C. Street, N.W.<br>Washington, DC 20240,<br><br>and<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT<br>1849 C Street, N.W., Room 406-LS<br>Washington, DC 20240,<br><br>    Defendants<br><br>STATE OF WYOMING<br>123 Capitol Building<br>Cheyenne, WY 82002<br><br>    Defendant-Intervenor | CASE NO. 1:07-cv-01486-RJL<br><br>[PROPOSED] ANSWER |

**ANSWER OF STATE OF WYOMING**

Defendant-Intervenor State of Wyoming ("Wyoming") for its Answer in response to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Plaintiff Theodore Roosevelt Conservation Partnership ("Plaintiff") in the above-captioned matter states as follows:

## INTRODUCTION AND OVERVIEW OF CLAIMS

1. The first sentence of Paragraph 1 of the Complaint contains Plaintiff's description of the nature of this action and thus requires no response. To the extent a response is required, Defendant-Intervenor denies the allegations. Defendant-Intervenor denies the allegations in the remainder of the paragraph.

2. Defendant-Intervenor denies the allegations in Paragraph 2 of the Complaint.

3. Defendant-Intervenor denies the allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint contain Plaintiff's description of the nature of this action and thus require no response. To the extent a response is required, Defendant-Intervenor denies that allegations.

## JURISDICTION AND VENUE

5. Defendant-Intervenor admits that 28 U.S.C. § 1331 provides this Court with subject matter jurisdiction over the claims presented in the Complaint, notwithstanding any other jurisdictional defects. The allegations in the last sentence of Paragraph 5 are legal conclusions that require no response. Defendant-Intervenor denies the allegations in Paragraph 6 of the Complaint.

6. Defendant-Intervenor denies the allegations on Paragraph 6 of the Complaint.

7. Defendant-Intervenor admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391 (e), because the Federal Defendants are located in Washington, D.C. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 7 of the Complaint and therefore denies same.

## PARTIES

8. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 8 of the Complaint.

9. In response to the allegations in Paragraph 9 of the Complaint, Defendant-Intervenor specifically refers to the cited source on its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

10. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 10 of the Complaint and therefore denies same.

11. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 11 of the Complaint and therefore denies same.

12. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 12 of the Complaint and therefore denies same.

13. Defendant-Intervenor admits the allegations in Paragraph 13 of the Complaint.

14. Defendant-Intervenor admits the allegations in Paragraph 14 of the Complaint.

## LEGAL BACKGROUND

15. The allegations in Paragraph 15 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

16. The allegations in Paragraph 16 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

17. The allegations in Paragraph 17 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

18. The allegations in Paragraph 18 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

19. The allegations in Paragraph 19 of the set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

20. The allegations in Paragraph 20 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

21. The allegations in Paragraph 21 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its

entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

22. The allegations in Paragraph 22 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

23. The allegations in Paragraph 23 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

24. The allegations in Paragraph 24 of the Complaint set out a depiction of the law that requires no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

## FACTUAL BACKGROUND

25. Defendant-Intervenor denies the allegations in the last sentence of Paragraph 25 of the Complaint. The remainder of the allegations in Paragraph 25 of the Complaint constitute legal conclusions that requires no response. Defendant-Intervenor specifically refers to the citied source in its entirety for its words, substance, meaning, content and context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

26. Defendant-Intervenor denies the allegations in the first sentence of Paragraph 26 of the Complaint. In response to the remainder of the allegations in this Paragraph, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning,

content or context thereof, and, to the extent that these allegations require a response, they are denied.

27. In response to the allegations in Paragraph 27 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

28. In response to the allegations in Paragraph 28 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

29. In response to the allegations in Paragraph 29 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

30. Defendant-Intervenor denies the allegations in Paragraph 30 of the Complaint.

31. Defendant-Intervenor denies the allegations in Paragraph 31 of the Complaint.

32. The allegations in the first sentence of Paragraph 32 constitute a characterization of law that requires no response. In response to the remainder of the allegations in Paragraph 32 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

33. In response to the allegations in Paragraph 33 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning,

content or context thereof, and, to the extent that these allegations require a response, they are denied.

34. In response to the allegations in Paragraph 34 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

35. In response to the allegations in Paragraph 35 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

36. In response to the allegations in Paragraph 36 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

37. The allegations in Paragraph 37 of the Complaint constitute legal conclusions that require no response. To the extent they are deemed to require a response, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and they are denied.

38. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of Paragraph 38 of the Complaint and therefore deny same. In response to the remainder of the allegations in this Paragraph, Defendant-Intervenor specifically refers to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

39. Defendant-Intervenor denies the allegations in Paragraph 39 of the Complaint.

40. Defendant-Intervenor admits that the proposed Atlantic Rim Natural Gas Field Development Project involves drilling approximately 2,000 coalbed methane wells within the Atlantic Rim Project Area and that total surface disturbance from the drilling program will be a maximum of 7,600 acres, at any given time. In response to the remainder of the allegations in paragraph 40 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent these allegations require a response, they are denied.

41. In response to the allegations in Paragraph 41 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

42. In response to the allegations in Paragraph 42 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

43. In response to the allegations in Paragraph 43 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

44. In response to the allegations in Paragraph 44 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

45. In response to the allegations in Paragraph 45 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

46. Defendant-Intervenor denies the allegations in the first sentence of Paragraph 46 of the Complaint. In response to the remainder of the allegations in this Paragraph, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

47. Defendant-Intervenor denies the allegations in Paragraph 47 of the Complaint.

48. In response to the allegations in the second sentence in Paragraph 48 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and to the extent that these allegations require a response, they are denied. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the remaining averments in Paragraph 48 and therefore deny same.

49. In response to the allegations in Paragraph 49 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning,

content or context thereof, and, to the extent that these allegations require a response, they are denied.

50. In response to the allegations in Paragraph 50 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

51. In response to the allegations in Paragraph 51 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

52. In response to the allegations in Paragraph 52 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

53. In response to the allegations in Paragraph 53 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

54. Defendant-Intervenor admits that a Final Report for the Atlantic Rim Mule Deer Study was completed in April of 2007. In response to the remainder of the allegations in Paragraph 54 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

55.  In response to the allegations in Paragraph 55 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

56.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the first and last sentence of Paragraph 56 of the Complaint and therefore deny same. In response to the remainder of the allegations in Paragraph 56 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

57.  Defendant-Intervenor denies the allegations in the first sentence of Paragraph 57 of the Complaint. In response to the remainder of the allegations in Paragraph 57 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

58.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 58 of the Complaint and therefore deny same.

59.  Defendant-Intervenor admits that notice of the availability of the ROD for the Atlantic Rim Natural Gas Development Project was published in the Federal Register on May 21, 2007 at 72 Fed. Reg. 28, 518. Defendant-Intervenor also admits that at least four administrative appeals were filed with the Interior Board of Land Appeals related to actions at issue in this case, including one filed by the Plaintiff and further states that the Defendant-

Intervenor was also an Intervenor in those cases. Defendant-Intervenor admits that Plaintiff filed a petition for a stay before the Interior Board of Land Appeals, which was denied on or about September 5, 2007. Defendant-Intervenor further states, upon information and belief, that Plaintiff filed a notice withdrawing its appeal, and the Interior Board of Land Appeals dismissed the administrative appeal on September 12, 2007. The remaining allegations in Paragraph 59 constitute legal conclusions that require no response, and, to the extent that these allegations require a response, they are denied.

60. In response to the allegations in Paragraph 60 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

61. Defendant-Intervenor incorporates by reference their response to Paragraph 59 of the Complaint, and denies the remainder of the allegations of Paragraph 61 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT ONE

62. Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Defendant-Intervenor denies the allegations in Paragraph 63 of the Complaint.

64. Defendant-Intervenor denies the allegations in Paragraph 64 of the Complaint.

65. Defendant-Intervenor denies the allegations in Paragraph 65 of the Complaint.

### COUNT TWO

66. Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. Defendant-Intervenor denies the allegations in Paragraph 67 of the Complaint.

68. Defendant-Intervenor denies the allegations in Paragraph 68 of the Complaint.

69. Defendant-Intervenor denies the allegations in Paragraph 69 of the Complaint.

## COUNT THREE

70. Defendant-Intervenor restates and incorporates by reference its responses to Paragraph 1 through 69 of the Complaint as if fully set forth herein.

71. The allegations in the first sentence of Paragraph 71 of the Complaint constitute legal conclusions that require no response. Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied. Defendant-Intervenor denies the remainder of the allegations on Paragraph 71.

72. Defendant-Intervenor denies the allegations in Paragraph 72 of the Complaint.

73. Defendant-Intervenor denies the allegations in Paragraph 73 of the Complaint.

## COUNT FOUR

74. Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. Defendant-Intervenor admits that, upon information and belief, BLM is preparing a resource management plan referred to as the Rawlins Resource Management Plan ("RMP"), and that a draft environmental impact statement for the Rawlins RMP has been prepared. Defendant-Intervenor denies the remainder of the allegations in Paragraph 75 of the Complaint.

76. Defendant-Intervenor denies the allegations in Paragraph 76 of the Complaint.

## COUNT FIVE

77. Defendant-Intervenor restates and incorporates by reference its responses to Paragraph 1 through 76 of the Complaint as if fully set forth herein.

78. Defendant-Intervenor denies the allegations in the first sentence of Paragraph 78 of the Complaint. In response to the remainder of the allegations in Paragraph 78 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

79. Defendant-Intervenor denies the allegations in Paragraph 79 of the Complaint.

80. Defendant-Intervenor denies the allegations in Paragraph 80 of the Complaint.

81. Defendant-Intervenor denies the allegations in Paragraph 81 of the Complaint.

## COUNT SIX

82. Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. In response to the allegations in the third sentence of Paragraph 83 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied. Defendant-Intervenor denies the remainder of the allegations in Paragraph 83.

84. Defendant-Intervenor denies the allegations in Paragraph 84 of the Complaint.

## COUNT SEVEN

85. Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86. In response to the allegations in Paragraph 86 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

87. Defendant-Intervenor denies the allegations in the last sentence of Paragraph 87 of the Complaint. In response to the remainder of the allegations in Paragraph 87 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

88. Defendant-Intervenor denies the first two sentences and the last sentence in Paragraph 88 of the Complaint. In response to the remainder of the allegations in Paragraph 88 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

89. Defendant-Intervenor denies the second and last sentences in Paragraph 89 of the Complaint. In response to the remainder of the allegations in Paragraph 89 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

90. In response to the allegations in Paragraph 90 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

91. In response to the allegations in Paragraph 91 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

92. In response to the allegations in Paragraph 92 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

93. In response to the allegations in Paragraph 93 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

94. Defendant-Intervenor denies the allegations on Paragraph 94 of the Complaint.

## COUNT EIGHT

95. Defendant-Intervenor restates and incorporates by reference its responses in Paragraph 1 through 94 of the Complaint as if fully set forth herein.

96. In response to the allegations in Paragraph 96 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

97. In response to the allegations in Paragraph 97 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning,

content or context thereof, and, to the extent that these allegations require a response, they are denied.

98.  The allegations in the first two sentences of Paragraph 98 of the Complaint consist of Plaintiff's characterization of the nature of the case and as such does not require a response. Defendant-Intervenor denies the remainder of the allegations in Paragraph 98 of the Complaint.

## COUNT NINE

99.  Defendant-Intervenor restates and incorporates by reference its responses in Paragraph 1 through 98 of the Complaint as if fully set forth herein.

100.  In response to the allegations in Paragraph 100 of the Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

101.  Defendant-Intervenor denies the allegations in Paragraph 101 of the Complaint.

102.  Defendant-Intervenor denies each and every allegation of the Complaint not previously admitted, explained, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed in whole or in part because Plaintiff failed to exhaust administrative remedies and/or on the grounds of primary jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants did not act arbitrarily or capriciously in the development of the EIS and the ROD did not violate any provisions of National Environmental Policy Act, the Federal Land Policy and Management Act or the Administrative Procedures Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not presented the requisite facts or evidence to warrant the remedy it seeks.

## SIXTH AFFIRMATIVE DEFENSE

The State reserves the right to assert additional defenses as they become known between the time of filing this Answer and trial.

## PRAYER FOR RELIEF

WHERFORE, Defendant-Intervenor State of Wyoming prays for judgment as follows:

1. To the extent the Complaint seeks declaratory judgment that BLM's development of the EIS and approval of the ROD were arbitrary and capricious and in violation of NEPA and FLPMA, it is denied;

2. To the extent the Complaint seeks an order requiring that the ROD and EIS be vacated, set aside and/or remanded for further consideration, it is denied;

3. To the extent the Complaint seeks an order enjoining BLM from taking any further action in reliance on the ROD, including the authorization of any specific oil and gas operations, it is denied;

4. To the extent the Complaint seeks an order enjoining BLM from taking any further action in reliance on the EIS, including the tiering of any future NEPA compliance document off of the EIS, it is denied;

5. To the extent the Complaint seeks litigation expenses of the Plaintiff, it is denied;

6. Judgment on the merits in favor of Defendants and against the Plaintiff; and

7. For such other relief that this Court may deem just and proper.

Dated this 15th day of October, 2007.

/s/ Jay Jerde
Jay Jerde
Deputy Attorney General

/s/ Kristen A. Dolan
Kristen A. Dolan
Senior Assistant Attorney General
Wyoming Attorney General
123 Capitol Building
Cheyenne, WY 82002
(307)777-6946
(307)777-3542 (facsimile)
kdolan@state.wy.us

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing ANSWER OF STATE OF WYOMING was served by placing the same in the United States mail, postage prepaid, this 15th day of October, 2007, to the following:

Steven M. Kupka
Thomas R. Wilmoth
Donald G. Blamkenau
Blackwell Sanders, LLP
206 South 13th Street, Suite 1400
Lincoln, NE  68508-2019

Michael B. Wigmore
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC  20006

Lori Caramanian
United States Department of Justice
Environmental & Natural Resource Division
1961 Stout Street, 8th Floor
Denver, CO  80294

/s/ Kristen A. Dolan
Kristen A. Dolan
Senior Assistant Attorney General
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY  82002
(307) 777-6946 Telephone
(307) 777-3542 Facsimile
kdolan@state.wy.us