# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
THEODORE ROOSEVELT CONSERVATION    )
PARTNERSHIP    )
)         FEDERAL DEFENDANT'S
Plaintiff,    )         ANSWER
)
v.    )         07-cv-01486-RJL
)
DIRK A. KEMPTHORNE, in his official capacity,  )
THE BUREAU OF LAND MANAGEMENT,    )
)
Federal Defendants,    )
)
and    )
)
ANADARKO PETROLEUM CORP., et al.    )
)
Proposed Defendant-Intervenor.    )
_____)

Federal Defendants, by and through their undersigned attorneys, answer the claims and

allegations of Plaintiff's Complaint as set forth below.  The numbered paragraphs in the answer

correspond to the numbered paragraphs in the complaint.

1.    The allegations set forth in the first sentence of Paragraph 1 of the Complaint contain

Plaintiff's characterization of the nature of the proceedings to which no response is

required.  The allegations in the second sentence purport to characterize the Record of

Decision (ROD) for the Atlantic Rim Gas Field Development Project, which speaks for

itself and is the best evidence of its contents.  Defendants deny the allegations in the third

sentence.

2.    Defendants deny the allegations.

3.    Defendants deny the allegations.

4.      The allegations set forth in the first sentence of Paragraph 4 of the Complaint contain

Plaintiff's characterization of the Atlantic Rim Natural Gas Field Development Project

Final Environmental Impact Statement (Atlantic Rim EIS) and ROD, which speak for

themselves and are the best evidence of their contents.  The second sentence of Paragraph

4 contains Plaintiff's characterization of the nature of the proceedings and conclusions of

law to which no response is required.  To the extent that a response is required,

Defendants deny the allegations contained in the second sentence of Paragraph 4.

5.      The allegations set forth in Paragraph 5 of the Complaint contain conclusions of law as to

jurisdiction to which no response is required.

6.      The allegations set forth in Paragraph 6 of the Complaint are conclusions of law, to which

no response is required.

7.      The allegations set forth in the first sentence of Paragraph 7 of the Complaint contain

conclusions of law as to venue to which no response is required.  Defendants lack

knowledge or information sufficient to respond to the allegations in the second sentence.

Defendants deny the remaining allegations.

8.      Defendants lack knowledge or information sufficient to form a belief as to the allegations

in Paragraph 8 and on that basis deny the same.

9.      The allegations set forth in Paragraph 9 of the Complaint contain Plaintiff's

characterization of the Atlantic Rim EIS and ROD, which speak for themselves and are

the best evidence of their contents.

10.     Defendants lack knowledge or information sufficient to form a belief as to the allegations

in Paragraph 10 as to TRCP's members activities and on that basis deny the same.

Defendants deny the remaining allegations.

11.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 and on that basis deny the same.

12.     Defendants deny the allegations.

13.     The allegations set forth in the first sentence of Paragraph 13 of the Complaint contain Plaintiff's characterization of the nature of the proceedings to which no response is required.  The allegations in the second sentence are conclusions of law, to which no response is required.

14.     The allegations in Paragraph 14 are conclusions of law, to which no response is required.

15.     The allegations in Paragraph 15 are conclusions of law, to which no response is required.

16.     The allegations in Paragraph 16 are conclusions of law, to which no response is required.

17.     The allegations in Paragraph 17 are conclusions of law, to which no response is required.

18.     The allegations in Paragraph 18 are conclusions of law, to which no response is required.

19.     The allegations in Paragraph 19 are conclusions of law, to which no response is required.

20.     The allegations in Paragraph 20 are conclusions of law, to which no response is required.

21.     The allegations in Paragraph 21 are conclusions of law, to which no response is required.

22.     The allegations in Paragraph 22 are conclusions of law, to which no response is required.

23.     The allegations in Paragraph 23 are conclusions of law, to which no response is required.

24.     The allegations in Paragraph 24 are conclusions of law, to which no response is required.

25.     The allegations in the first two sentences of Paragraph 25 are conclusions of law, to which no response is required.  Defendants deny the allegations set forth in sentence three of Paragraph 25.

26.     Defendants deny the allegations in the first sentence.  The allegations set forth in the remainder of Paragraph 26 of the Complaint contain Plaintiff's characterization of BLM

Instruction Memoranda (IM's), which speak for themselves and are the best evidence of their contents.

27.   The allegations set forth in Paragraph 27 of the Complaint contain Plaintiff's characterization of IM 2004-110, which speaks for itself and is the best evidence of its contents.

28.   The allegations set forth in Paragraph 28 of the Complaint contain Plaintiff's characterization of IM 2005-247, which speaks for itself and is the best evidence of its contents.

29.   The allegations set forth in Paragraph 29 of the Complaint contains Plaintiff's characterization of a Government Accountability Office (GAO) report, which speaks for itself and is the best evidence of its contents.

30.   The allegations in Paragraph 30 are conclusions of law, to which no response is required.

31.   Defendants deny the allegations contained in Paragraph 31 of the complaint.

32.   The allegations set forth in Paragraph 32 of the Complaint contain Plaintiff's characterization of the 1990 Great Divide Resource Management Plan (RMP), which speaks for itself and is the best evidence of its contents.

33.   The allegations set forth in Paragraph 33 of the Complaint contain Plaintiff's characterization of the Great Divide RMP, which speaks for itself and is the best evidence of its contents.

34.   The allegations set forth in Paragraph 34 of the Complaint contain Plaintiff's characterization of the Great Divide RMP, which speaks for itself and is the best evidence of its contents.

35.    The allegations set forth in Paragraph 35 of the Complaint contain Plaintiff's characterization of the Great Divide RMP, which speaks for itself and is the best evidence of its contents.

36.    The allegations set forth in Paragraph 36 of the Complaint contain Plaintiff's characterization of the Great Divide RMP and the Rawlins RMP Draft EIS (DEIS), which speak for themselves and are the best evidence of their contents.

37.    The allegations set forth in the first sentence of Paragraph 37 of the Complaint contain Plaintiff's characterization of the Rawlins RMP DEIS, which speaks for itself and is the best evidence of its contents.  The remaining allegations are conclusions of law, to which no response is required.

38.    Defendants admit the allegations in the first sentence of Paragraph 38.  The remaining allegations set forth in Paragraph 38 of the Complaint contain Plaintiff's characterization of the Rawlins RMP DEIS, which speaks for itself and is the best evidence of its contents.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    The allegations set forth in Paragraph 40 of the Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

41.    The allegations set forth in Paragraph 41 of the Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

42.     The allegations set forth in Paragraph 42 of the Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

43.     The allegations set forth in Paragraph 43 of the Complaint contain Plaintiff's characterization of the Atlantic Rim DEIS, which speaks for itself and is the best evidence of its contents.

44.     The allegations set forth in Paragraph 44 of the Complaint contain Plaintiff's characterization of the Atlantic Rim DEIS and FEIS, which speak for themselves and are the best evidence of their contents.

45.     The allegations set forth in Paragraph 45 of the Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

46.     Defendants deny the allegations in the first sentence of Paragraph 46.  The remaining allegations set forth in Paragraph 46 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS and EPA's comments, which speak for themselves and are the best evidence of their contents.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     The allegations set forth in Paragraph 48 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

49.     The allegations set forth in Paragraph 49 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

50.     The allegations set forth in Paragraph 50 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

51.     The allegations set forth in Paragraph 51 of the Complaint contain Plaintiff's characterization of an April 2007 Mule Deer Study (Mule Deer Study) and the Atlantic Rim EIS, which speak for themselves and are the best evidence of their contents.

52.     The allegations set forth in Paragraph 52 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

53.     The allegations set forth in Paragraph 53 of the Complaint contains Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

54.     The allegations set forth in Paragraph 54 of the Complaint contain Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

55.     The allegations set forth in Paragraph 55 of the Complaint contain Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

56.     The allegations set forth in the first through fourth sentences of Paragraph 56 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.  Defendants lack knowledge or information sufficient to respond to the allegations in the last sentence and on that basis deny the same.

57.     The allegations set forth in Paragraph 57 of the Complaint constitute Plaintiff's characterization of two studies pertaining to Greater Sage Grouse (collectively Sage Grouse Studies), which speak for themselves and are the best evidence of their contents.

58.     Defendants admit the allegation in the first sentence of Paragraph 58 that TRCP provided BLM with comments in January 2007.  The remaining allegations set forth in Paragraph 58 of the Complaint contain Plaintiff's characterization of their comments on the Atlantic Rim EIS and of the Atlantic Rim ROD, which speak for themselves and are the best evidence of their contents.

59.     The allegations set forth in sentence one of Paragraph 59 of the Complaint purport to characterize a May 21, 2007 Federal Register Notice, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence are conclusions of law, which require no response. Defendants lack knowledge or information sufficient to answer the allegation in the third sentence as to why TRCP filed an administrative appeal and on that basis deny the same.  Defendants admit the appeal was timely filed.  The remaining allegations set forth in sentence three purport to characterize the petition for stay to the Interior Board of Land Appeals (IBLA), which speaks for itself and is the best evidence of its contents.  Defendants admit the allegations in the fourth sentence.  The allegations in the fifth sentence are conclusions of law, which require no response. Defendants deny the allegations set forth in sentence six of Paragraph 59.

60.     The allegations in Paragraph 60 purport to characterize documents which speak for themselves and are the best evidence of their contents.

61.     Defendants admit the allegations set forth in sentence one of Paragraph 61 of the Complaint insofar as multiple appeals concerning the Atlantic RIM EIS are pending

before the IBLA.  Defendants deny the allegations set forth in the remainder of Paragraph 61.

62.    Defendants repeat each of its answers made in response to paragraphs 1 through 61 of the Complaint.

63.    Defendants deny the allegations.

64.    Defendants deny the allegations.

65.    The allegations set forth in the first sentence of Paragraph 65 of the Complaint contain conclusions of law to which no response is required.  Defendants deny the allegations in the second sentence.

66.    Defendants repeat each of their answers made in response to paragraphs 1 through 65 of the Complaint.

67.    Defendants deny the allegations.

68.    Defendants deny the allegations.

69.    Defendants deny the allegations.

70.    Defendants repeat each of their answers made in response to paragraphs 1 through 69 of the Complaint.

71.    The allegations set forth in the first sentence of Paragraph 71 of the Complaint are conclusions of law, to which no response is required.  Defendants deny the remaining allegations.

72.    Defendants deny the allegations.

73.    Defendants deny the allegations.

74.    Defendants repeat each of their answers made in response to paragraphs 1 through 73 of the Complaint.

75.     Defendants admit the allegations in the first, second and fourth sentences.  The allegations in the third sentence are conclusions of law, to which no response is required.

76.     Defendants deny the allegations.

77.     Defendants repeat each of their answers made in response to paragraphs 1 through 76 of the Complaint.

78.     Defendants deny the allegations set forth in sentence one of Paragraph 78 of the Complaint.  The remainder of Paragraph 78 contains Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

79.     Defendants deny the allegations.

80.     Defendants deny the allegations set forth in sentence one of Paragraph 80 of the Complaint.  The remainder of Paragraph 80 contains Plaintiff's characterization of the Atlantic Rim EIS, Fish & Wildlife Service comments, and a Sage Grouse Study, which speak for themselves and are the best evidence of their contents.

81.     Defendants deny the allegations.

82.     Defendants repeat each of their answers made in response to paragraphs 1 through 81 of the Complaint.

83.     The allegations set forth in sentences one through four of Paragraph 83 of the Complaint contain Plaintiff's characterization of the Great Divide RMP and the Atlantic Rim EIS and the Public Scoping Notice for the Continental Divide-Creston Development Project, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in the last sentence.

84.     The allegations set forth in the first sentence and block quote in Paragraph 84 of the Complaint contain Plaintiff's characterization of a June 26, 2001 notice published in the

Federal Register (Federal Register Notice), which speaks for itself and is the best
evidence of its contents. Defendants admit the allegations in the second sentence.
Defendants deny the allegations in the third sentence.

85.    Defendants repeat each of their answers made in response to paragraphs 1 through 84 of
the Complaint.

86.    The allegations set forth in Paragraph 86 of the Complaint contain Plaintiff's
characterization of the Great Divide RMP and the Atlantic Rim EIS, which speak for
themselves and are the best evidence of their contents.

87.    The allegations set forth in the first and second sentences of Paragraph 86 of the
Complaint contain Plaintiff's characterization of the Great Divide RMP and the Atlantic
Rim EIS, which speak for themselves and are the best evidence of their contents.
Defendants deny the allegations in the third sentence.

88.    The allegations set forth in Paragraph 88 of the Complaint contain Plaintiff's
characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence
of its contents.

89.    The allegations set forth in the first, third, fourth, and fifth sentences of Paragraph 89 of
the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS and ROD,
which speak for themselves and are the best evidence of their contents. Defendants deny
the allegations in the second sentence.

90.    The allegations set forth in Paragraph 90 of the Complaint contain Plaintiff's
characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence
of its contents.

91.     The allegations set forth in Paragraph 91 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

92.     The allegations set forth in Paragraph 92 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

93.     The allegations set forth in Paragraph 93 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

94.     Defendants deny the allegations.

95.     Defendants repeat each of their answers made in response to paragraphs 1 through 94 of the Complaint.

96.     The allegations set forth in Paragraph 96 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

97.     The allegations set forth in Paragraph 97 of the Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

98.     The allegations set forth in sentence one and two of Paragraph 98 of the Complaint are conclusions of law, to which no response is required.  Defendants deny the allegations in the third sentence.

99.     Defendant repeats each of its answers made in response to paragraphs 1 through 98 of the Complaint.

100.    The allegations set forth in Paragraph 100 of the Complaint are conclusions of law, to

which no response is required.

101.    Defendants deny the allegations.


A-G.    The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no

response is required.  To the extent a response is required, Defendants deny that Plaintiff

is entitled to any relief requested in their prayer for relief, including each and every

subpart, or any other relief whatsoever.

GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are

not expressly admitted, denied, or qualified herein.

WHEREFORE, Defendants respectfully pray that this Court deny in all respects

Plaintiff's prayer for relief, dismiss the complaint, enter judgment for defendant, and grant such

other relief as may be appropriate.

Respectfully submitted this 22nd day of October, 2007.


RONALD J. TENPAS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

Jon M. Lipshultz
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
PO Box 23986
Washington, DC 20026-3986
Phone: (202) 514-2191
Fax: (202) 353-7763
D.C. Bar #416165

 s/ Lori Caramanian
Lori Caramanian
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1499
Fax: (303) 844-1350
lori.caramanian@usdoj.gov

Attorneys for Federal Defendants