**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP<br>555 Eleventh St. N.W., 6th Floor<br>Washington, DC 20004,<br><br>        Plaintiff,<br><br>        v.<br><br>DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>  and<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT<br>1849 C Street, N.W., Room 406-LS<br>Washington, DC 20240,<br><br>        Defendants.<br><br>ANADARKO PETROLEUM CORPORATION,<br>P.O. Box 1330<br>Houston, TX 77251-1330,<br><br>WARREN RESOURCES, INC.,<br>489 Fifth Avenue, 32nd Floor<br>New York, NY 10017,<br><br>DOUBLE EAGLE PETROLEUM CO.,<br>777 Overland Trail, Suite 208<br>P.O. Box 766<br>Casper, WY 82602-0766,<br><br>        Defendant-Intervenors. | ))))))))))))))))))))))))))))))))))))) | CASE NO. 1:07-cv-01486-RJL |

**ANSWER OF ANADARKO PETROLEUM CORPORATION,
<u>WARREN RESOURCES, INC. AND DOUBLE EAGLE PETROLEUM CO.</u>**

Defendant-Intervenors Anadarko Petroleum Corporation ("Anadarko"), Warren Resources, Inc. ("Warren") and Double Eagle Petroleum Co. ("Double Eagle") (collectively referred to as "Defendant-Intervenors") for their Answer in response to the Complaint for Declaratory and Injunctive Relief (the "Complaint") filed by Plaintiff Theodore Roosevelt Conservation Partnership (the "Plaintiff") in this matter state as follows:

## INTRODUCTION AND OVERVIEW OF CLAIMS

1.  The allegations in the first sentence of Paragraph 1 of the Complaint consist of Plaintiff's characterization of the nature of the case and require no response. To the extent a response is deemed required, Defendant-Intervenors deny the allegations. Defendant-Intervenors deny the allegations in the remainder of this paragraph.

2.  Defendant-Intervenors deny the allegations in Paragraph 2 of the Complaint.

3.  Defendant-Intervenors deny the allegations in Paragraph 3 of the Complaint.

4.  The allegations in Paragraph 4 of the Complaint consist of Plaintiff's characterization of the nature of the case and require no response. To the extent a response is deemed required, Defendant-Intervenors deny the allegations.

## JURISDICTION AND VENUE

5.  Defendant-Intervenors admit that 28 U.S.C. § 1331 provides this Court with subject matter jurisdiction over the claims set forth in the Complaint, in the absence of any other jurisdictional defect. The allegations in the last sentence of Paragraph 5 of the Complaint constitute legal conclusions that require no response. Defendant-Intervenors deny the remainder of the allegations in Paragraph 5 of the Complaint.

6.  Defendant-Intervenors deny the allegations in Paragraph 6 of the Complaint.

7. Defendant-Intervenors admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because defendants are located in Washington, D.C. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 7 of the Complaint and therefore deny same.

## PARTIES

8. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 8 of the Complaint.

9. In response to the allegations in Paragraph 9 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

10. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 10 of the Complaint and therefore deny same.

11. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 11 of the Complaint and therefore deny same.

12. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 12 of the Complaint and therefore deny same.

13. Defendant-Intervenors admit the allegations in Paragraph 13 of the Complaint.

14. Defendant-Intervenors admit the allegations in Paragraph 14 of the Complaint.

## LEGAL BACKGROUND

15. The allegations in Paragraph 15 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its

entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

16.     The allegations in Paragraph 16 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

17.     The allegations in Paragraph 17 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

18.     The allegations in Paragraph 18 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

19.     The allegations in Paragraph 19 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

20.     The allegations in Paragraph 20 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

21.     The allegations in Paragraph 21 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

22.     The allegations in Paragraph 22 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

23.     The allegations in Paragraph 23 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

24.     The allegations in Paragraph 24 of the Complaint constitute a characterization of law that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

## FACTUAL BACKGROUND

25.     Defendant-Intervenors deny the allegations in the last sentence of Paragraph 25 of the Complaint. The remainder of the allegations in Paragraph 25 of the Complaint constitute legal conclusions that requires no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

26.     Defendant-Intervenors deny the allegations in the first sentence of Paragraph 26 of the Complaint.  In response to the remainder of the allegations in Paragraph 26, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

27.     In response to the allegations in Paragraph 27 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

28.     In response to the allegations in Paragraph 28 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

29.     In response to the allegations in Paragraph 29 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

30.     Defendant-Intervenors deny the allegations in Paragraph 30 of the Complaint.

31.     Defendant-Intervenors deny the allegations in Paragraph 31 of the Complaint.

32.     The allegations in the first sentence of Paragraph 32 of the Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  In response to the remainder

of the allegations in Paragraph 32 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

33. In response to the allegations in Paragraph 33 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

34. In response to the allegations in Paragraph 34 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

35. In response to the allegations in Paragraph 35 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

36. In response to the allegations in Paragraph 36 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

37. The allegations in Paragraph 37 of the Complaint constitute legal conclusions that require no response. To the extent they require a response, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and they are denied.

38. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of Paragraph 38 of the Complaint and therefore deny same. In response to the remainder of the allegations in Paragraph 38, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

39. Defendant-Intervenors deny the allegations in Paragraph 39 of the Complaint.

40. Defendant-Intervenors admit that the proposed Atlantic Rim Natural Gas Field Development Project involves drilling approximately 2,000 coalbed methane wells within the Atlantic Rim Project Area and that total surface disturbance from the drilling program will be a maximum of 7,600 acres, at any given time. In response to the remainder of the allegations in Paragraph 40 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

41. In response to the allegations in Paragraph 41 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

42. In response to the allegations in Paragraph 42 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

43. In response to the allegations in Paragraph 43 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

44. In response to the allegations in Paragraph 44 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

45. In response to the allegations in Paragraph 45 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

46. Defendant-Intervenors deny the allegations in the first sentence in Paragraph 46 of the Complaint. In response to the remainder of the allegations in Paragraph 46, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

47. Defendant-Intervenors deny the allegations in Paragraph 47 of the Complaint.

48. In response to the allegations in the second sentence of Paragraph 48 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied. Defendant-Intervenors do not have sufficient information or

knowledge to form a belief as to the truth of the remaining averments in Paragraph 48 and therefore deny same.

49. In response to the allegations in Paragraph 49 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

50. In response to the allegations in Paragraph 50 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

51. In response to the allegations in Paragraph 51 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

52. In response to the allegations in Paragraph 52 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

53. In response to the allegations in Paragraph 53 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

54. Defendant-Intervenors admit that a Final Report for the Atlantic Rim Mule Deer Study was completed in April of 2007. In response to the remainder of the allegations in Paragraph 54 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

55. In response to the allegations in Paragraph 55 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

56. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the first and last sentences of Paragraph 56 of the Complaint and therefore deny same. In response to the remainder of the allegations in Paragraph 56, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

57. Defendant-Intervenors deny the allegations in the first sentence of Paragraph 57 of the Complaint. In response to the remainder of the allegations in Paragraph 57 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

58. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 58 of the Complaint and therefore deny same.

59. Defendant-Intervenors admit that notice of the availability of the ROD for the Atlantic Rim Natural Gas Development Project was published in the Federal Register on May 21, 2007 at 72 Fed. Reg. 28,518. Defendant-Intervenors also admit that at least four administrative appeals were filed with the Interior Board of Land Appeals related to the actions at issue in this case, including one filed by the Plaintiff and further states that each of the Defendant-Intervenors are also Intervenors in those cases. Defendant-Intervenors admit that Plaintiff has filed a petition for a stay before the Interior Board of Land Appeals, which was denied on or about September 5, 2007. Defendant-Intervenors further state, upon information and belief, that Plaintiff filed a notice withdrawing its appeal, and the Interior Board of Land Appeals dismissed the administrative appeal on September 12, 2007. The remainder of the allegations in Paragraph 59 constitute legal conclusion that require no response, and, to the extent that these allegations require a response, they are denied.

60. In response to the allegations in Paragraph 60 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

61. Defendant-Intervenors incorporate by reference their response to Paragraph 59 of the Complaint, and deny the remainder of the allegations of Paragraph 61 of the Complaint.

## CLAIMS FO RELIEF

### COUNT ONE

62. Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 61 above as if fully set forth herein.

63. Defendant-Intervenors deny the allegations in Paragraph 63 of the Complaint.

64. Defendant-Intervenors deny the allegations in Paragraph 64 of the Complaint.

65. Defendant-Intervenors deny the allegations in Paragraph 65 of the Complaint.

## COUNT TWO

66. Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 65 above as if fully set forth herein.

67. Defendant-Intervenors deny the allegations in Paragraph 67 of the Complaint.

68. Defendant-Intervenors deny the allegations in Paragraph 68 of the Complaint.

69. Defendant-Intervenors deny the allegations in Paragraph 69 of the Complaint.

## COUNT THREE

70. Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 69 above as if fully set forth herein.

71. The allegations in the first sentence of Paragraph 71 of the Complaint constitute legal conclusions that require no response. Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied. Defendant-Intervenors deny the remainder of the allegations in Paragraph 71.

72. Defendant-Intervenors deny the allegations in Paragraph 72 of the Complaint.

73. Defendant-Intervenors deny the allegations in Paragraph 73 of the Complaint.

## COUNT FOUR

74. Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 73 above as if fully set forth herein.

75. Defendant-Intervenors admit that, upon information and belief, BLM is preparing a resource management plan referred to as the Rawlins Resource Management Plan ("RMP"),

and that a draft environmental impact statement for the Rawlins RMP has been prepared. Defendant-Intervenors deny the remainder of the allegations in Paragraph 75 of the Complaint.

76. Defendant-Intervenors deny the allegations in Paragraph 76 of the Complaint.

## COUNT FIVE

77. Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 76 above as if fully set forth herein.

78. Defendant-Intervenors deny the allegations in the first sentence of Paragraph 78 of the Complaint. In response to the remainder of the allegations in Paragraph 78 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

79. Defendant-Intervenors deny the allegations in Paragraph 79 of the Complaint.

80. Defendant-Intervenors deny the allegations in Paragraph 80 of the Complaint.

81. Defendant-Intervenors deny the allegations in Paragraph 81 of the Complaint.

## COUNT SIX

82. Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 81 above as if fully set forth herein.

83. In response to the allegations in the third sentence of Paragraph 83 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied. Defendant-Intervenors deny the remainder of the allegations in Paragraph 83.

84. Defendant-Intervenors deny the allegations in Paragraph 84 of the Complaint.

## COUNT SEVEN

85.     Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 84 above as if fully set forth herein.

86.     In response to the allegations in Paragraph 86 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

87.     Defendant-Intervenors deny the allegations in the last sentence in Paragraph 87 of the Complaint. In response to the remainder of the allegations in Paragraph 87 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

88.     Defendant-Intervenors deny the first two sentences and the last sentence in Paragraph 88 of the Complaint. In response to the remainder of the allegations in Paragraph 88, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

89.     Defendant-Intervenors deny the second and last sentences in Paragraph 89 of the Complaint. In response to the remainder of the allegations in Paragraph 89, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

90. In response to the allegations in Paragraph 90 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

91. In response to the allegations in Paragraph 91 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

92. In response to the allegations in Paragraph 92 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

93. In response to the allegations in Paragraph 93 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

94. Defendant-Intervenors deny the allegations in Paragraph 94 of the Complaint.

## COUNT EIGHT

95. Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 94 above as if fully set forth herein.

96. In response to the allegations in Paragraph 96 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning,

content or context thereof, and, to the extent that these allegations require a response, they are denied.

97.  In response to the allegations in Paragraph 97 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

98.  The allegations in the first two sentence of Paragraph 98 of the Complaint consist of Plaintiff's characterization of the nature of the case and require no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 98 of the Complaint.

## COUNT NINE

99.  Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 98 above as if fully set forth herein.

100.  In response to the allegations in Paragraph 100 of the Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

101.  Defendant-Intervenors deny the allegations in Paragraph 101 of the Complaint.

102.  Defendant-Intervenors deny each and every allegation of the Complaint not previously admitted, explained, qualified, or denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint should be dismissed in whole or in part because Plaintiff failed to exhaust administrative remedies and/or on the grounds of primary jurisdiction.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant-Intervenors Anadarko Petroleum Corporation, Warren Resources, Inc. and Double Eagle Petroleum Co. pray for judgment as follows:

1. To the extent the Complaint seeks declaratory judgment that BLM's development of the EIS and approval of the ROD were arbitrary and capricious and in violation of NEPA and FLPMA, it is denied;

2. To the extent the Complaint seeks an order requiring that the ROD and EIS be vacated, set aside and remanded for further consideration, it is denied;

3. To the extent the Complaint seeks an order enjoining BLM from taking any further action in reliance on the ROD, including the authorization of any specific oil and gas operations, it is denied;

4. To the extent the Complaint seeks an order enjoining BLM from taking any further action in reliance on the EIS, including the tiering of any future NEPA compliance document off of the EIS, it is denied;

5. To the extent the Complaint seeks litigation expenses of the Plaintiff, it is denied;

6. Judgment on the merits in favor of Defendants and against the Plaintiff; and

7. For such other relief that this Court may deem just and proper.

Respectfully submitted,

/s/ Michael B. Wigmore
Michael B. Wigmore (DC Bar # 436114)
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, D.C.  20006
(202) 373-6000
(202) 373-6001 (facsimile)

*Counsel for Anadarko Petroleum Corporation, Warren Resources, Inc. and Double Eagle Petroleum Co.*

*Of Counsel for Double Eagle Petroleum Co.*

Robert C. Mathes (DC Bar # 484255)
*(application for admission pending)*
Bjork Lindley Little PC
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 892-1400
(303) 892-1401 (facsimile)

Dated:  September 14, 2007