**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> DIRK A. KEMPTHORNE, in his official capacity, THE BUREAU OF LAND MANAGEMENT, <br><br> Federal Defendants, <br><br> and <br><br> ANADARKO PETROLEUM CORP., et al. <br><br> Defendant-Intervenors. | 07-cv-01486-RJL |

**FEDERAL DEFENDANTS' OPPOSITION TO INDUSTRY-INTERVENORS'
MOTION TO CONSOLIDATE**

Anadarko Petroleum Corp., Warren Resources, Inc. and Double Eagle Petroleum Co., (Industry Intervenors)--over the objections of the Plaintiffs in this action, the Plaintiffs in <u>NRDC v. Kempthorne</u>, 07-cv-1709-RJL, and the Federal Defendants--have moved to consolidate this case with <u>NRDC v. Kempthorne</u> pursuant to Federal Rule of Civil Procedure 42(a) for the purpose of requiring consolidated briefing on all the issues in both cases.  The Court should not allow the Industry Intervenors to dictate the proceedings in these actions, particularly where their proposed course is contrary to the desires of the main parties in both actions, and where it would not serve the interests of justice.  The Court should deny Industry Intervenors' motion to consolidate.

BACKGROUND

On May 21, 2007, the Bureau of Land Management (BLM) published a notice of availability of the Record of Decision (ROD) for the Final Environmental Impact Statement for the Atlantic Rim Natural Gas Field Development Project in Carbon County, Wyoming. 72 Fed. Reg. 28,518 (May 21, 2007). The ROD documents BLM's decision to approve a plan for future management of the federal surface and mineral estate in the Atlantic Rim Project Area in south-central Wyoming. BLM adopted an alternative that involves drilling approximately 2,000 gas wells in the area; the project is expected to produce nearly 1,350 billion cubic feet of natural gas, or enough natural gas to heat 19 million homes for a year. BLM prepared the Atlantic Rim Natural Gas Field Development Project Final Environmental Impact Statement (Atlantic Rim EIS) to analyze the impacts of that decision. NRDC v. Kempthorne, __ F. Supp.2d __, 2007 WL 4218929, 07-cv-1709 (Nov. 30, 2007), Mem. Op. at 3. As the Court observed in its recent decision denying NRDC's motion for preliminary injunction, the ROD deferred evaluation of site-specific analysis until BLM received site-specific proposals. Id. at n.4. The primary difference between this challenge and NRDC's challenge is that TRCP challenges the programmatic ROD, and, unlike NRDC, has not challenged any site-specific decisions.

**A.  TRCP's Challenge**

In this action, TRCP challenged the Atlantic Rim ROD and EIS through a complaint filed on August 17, 2007. TRCP alleged violations of the National Environmental Policy Act (NEPA) and the Federal Land Policy and Management Act (FLPMA). Specifically, TRCP claims that BLM violated NEPA by failing to "provide a meaningful analysis of mitigation measures" in the Atlantic Rim EIS. TRCP Complaint, docket 1, at ¶ 69. TRCP also alleges that BLM failed to take a "hard look" at the potential environmental consequences of the project,

including its cumulative impacts and effects on sage grouse. Id. at ¶¶ 2, 73, 80. TRCP further alleges that approval of the Project violates FLPMA because it approves a level of development that is inconsistent with the existing resource management plan (RMP). Id. at ¶¶ 83, 84.

TRCP and Federal Defendants have submitted a proposed schedule to the Court, pursuant to which Federal Defendants agreed to file the administrative record in this action with the Court on January 4, 2008. TRCP and Federal Defendants have also agreed to a proposed briefing schedule. Docket 16 at 2-3.

**B.     NRDC's Challenge**

On September 25, 2007, NRDC and others filed a complaint in this Court, accompanied by a motion for preliminary injunction, challenging two BLM decisions made on June 28, 2007 and on August 16, 2007, the Catalina plan of development (POD) and the Sun Dog A and B POD, respectively. NRDC v. Kempthorne, 07-cv-01709 (RJL). NRDC filed an amended complaint on October 26, 2007. Their challenge involves some common issues of fact and law with TRCP, and, as we explained in our notice of related case, grows out of the same event or transaction in that it challenges site-specific decisions tiered to the programmatic Atlantic Rim EIS. But, there is also a key difference between the two cases because NRDC directs its challenge to site-specific decisions. Specifically, as this Court is aware, in their original complaint, NRDC challenged BLM's approval of 90 applications for permits to drill (APDs) coalbed natural gas wells in the Atlantic Rim Project area and two environmental assessments (EAs) supporting the approvals. NRDC, Mem. Op. at 1. Plaintiffs' amended complaint challenges two more site-specific decisions approving the Sun Dog C, D, and E plans of development. NRDC Amended Complaint at ¶¶ 81-83, 97, 102-03, 107-08. In particular, NRDC argues that BLM failed to provide for adequate public participation in the site-specific

3

decisionmaking process, id. at ¶¶ 71-83, a claim absent from TRCP's challenge.  Thus, while the Atlantic Rim EIS is relevant to NRDC's case because the EAs tier to the programmatic EIS, unlike TRCP, NRDC's challenge focuses on the site-specific decisions.  Finally, NRDC also brings a challenge under the Clean Water Act, id. at ¶¶ 110-113, and TRCP does not.

No scheduling order has issued and the parties have not held a meet and confer conference.  The Court recently issued a decision denying NRDC's motion for a preliminary injunction; upon information and belief, NRDC has apparently not yet decided whether to pursue an interlocutory appeal.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, . . .it may order all actions consolidated . . . and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  The district court has "broad discretion" in deciding whether to consolidate cases.  Scarborough v. National Ass'n of Surety Bond Producers, 474 F. Supp. 2d 64, 71 (D.D.C. 2007) (internal citations and quotations omitted).  Other considerations include whether consolidation will reduce the need for duplicative proof at trial and "eliminating the need for more than one judge to familiarize themselves with the issues presented."  Id. (internal citations and quotations omitted). In addition, courts have found that "[a]ctions involving the same parties are apt candidates for consolidation," but "[i]f the parties at issue, the procedural posture and the allegations in each case are different . . ., consolidation is not appropriate."  Blasko v. Washington Metropolitan Area Transit Auth., 243 F.R.D. 13, 15 (D.D.C. 2007).  "In short, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice."  Id., quoting Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003).

4

These considerations favor denial of Industry Intervenors' motion to consolidate. While this case and NRDC v. Kempthorne are clearly related cases and share some underlying questions of fact and law, consolidation will not serve the interests of justice. Industry Intervenors argue that the cases should be consolidated because both Plaintiffs challenge the same underlying decision and the "administrative record will be virtually the same for both cases, and consolidation of briefing, including joint briefs on all common issues by all non-governmental entities on each side, will save judicial and parties' resources." Intervenors' Motion to Consolidate at 2.

First, the actions involve different Plaintiffs who presumably have different interests. Second, the procedural posture is different because Defendants in this action have already agreed to a schedule for filing the administrative record, while in the NRDC action, the parties have not yet held a meet and confer conference and have not discussed a schedule. Third, the question of more than one judge having to familiarize himself with the issues is obviously not an issue since both actions are pending before this Court. Fourth, while there is some obvious overlap between the two challenges, resolution of the merits of NRDC's site-specific challenge on summary judgment will require the Court to consider some distinct legal questions, including whether BLM satisfied NEPA by taking a hard look at the impacts of the site-specific plans of development, whether BLM satisfied NEPA by involving the adequately involving the public in the decisionmaking process for the site-specific decisions, and whether Plaintiffs demonstrated a violation of the Clean Water Act.

Intervenors' primary argument is that consolidation would "serve the interests of judicial economy" because the Court would only have to review all of the issues raised once. Intervenors Motion to Consolidate at 11. According to them consolidation "would avoid having

5

to compile (and review) two separate records. . ." Id. Intervenors' arguments ignore basic principles of administrative law. As we explained in the Factual Background section, the Plaintiffs in this action challenge only the programmatic NEPA analysis contained in the Atlantic Rim EIS. The NRDC plaintiffs also challenge four environmental assessments for four different PODs in the Sun Dog and Catalina units. Under the Administrative Procedure Act (APA), "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706(2), to the agency decision based on the record the agency presents to the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); see also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981); Fund for Animals v. Babbitt, 903 F. Supp 96, 105 (D.D.C. 1995). "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." Walter O. Boswell Memorial Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984).

 Put simply, the administrative record for the programmatic decision will be different from the administrative record for each of the four site-specific decisions and the Court must consider the record for each decision separately in order to assess whether each particular decision was arbitrary or capricious. The administrative record in NRDC's challenge will include the documents considered by the decisionmaker for the programmatic ROD, but will also consist of the documents considered by the decisionmaker for each of the four challenged decisions. Those additional documents are not part of the administrative record in TRCP, were not considered by the decisionmaker when he adopted the Record of Decision for the Atlantic Rim Natural Gas Field Development Project, and may not be considered by this Court when it evaluates TRCP's challenge to the programmatic EIS and ROD. These challenges should

remain separate in order to avoid confusing the issues and to clearly delineate between the administrative records for the programmatic and site-specific decisions.

For the foregoing reasons, the Court should deny Intervenors' motion to consolidate.

Respectfully submitted this 7th day of December, 2007.

>RONALD J. TENPAS
>Acting Assistant Attorney General
>United States Department of Justice
>Environment & Natural Resources Division
>
>   /s/ Lori Caramanian
>Lori Caramanian
>United States Department of Justice
>Environment and Natural Resources Division
>1961 Stout Street, 8th Floor
>Denver, CO 80294
>Phone: (303) 844-1499
>Fax: (303) 844-1350
>lori.caramanian@usdoj.gov
>
>Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of December, 2007, I electronically filed the foregoing **FEDERAL DEFENDANTS' OPPOSITION TO INDUSTRY-INTERVENORS' MOTION TO CONSOLIDATE** through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Donald G. Blankenau    dblankenau@blackwellsanders.com

Kristen A. Dolan    kdolan@state.wy.us

Steven Michael Kupka    nholland@blackwellsanders.com

Robert Charles Mathes    rmathes@bjorklindley.com, lvanderveer@bjorklindley.com

Michael B. Wigmore    michael.wigmore@bingham.com


          /s/ *Lori Caramanian*
          LORI CARAMANIAN