UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP, ) ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 07-cv-01486-RJL |
| ) | |
| DIRK KEMPTHORNE, in his official Capacity as the Secretary of the United States Department of the Interior,  and UNITED STATES BUREAU OF LAND MANAGEMENT ) ) ) ) | |
| ) | |
| Defendants, ) | |
| ) | |
| ) | |
| STATE OF WYOMING, ANADARKO PETROLEUM CORPORATION, WARREN RESOURCES, INC., and DOUBLE EAGLE PETROLEUM CO., ) ) ) ) | |
| ) | |
| Defendant-Intervenors. ) | |

---

**DEFENDANT-INTERVENOR STATE OF WYOMING'S ANSWER
TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTED COMPLAINT**

---

Defendant-Intervenor State of Wyoming ("State") answers the claims and allegations of Plaintiff's FIRST AMENDED AND SUPPLEMENTED COMPLAINT ("Amended Complaint") filed in the above-captioned matter.

## INTRODUCTION AND OVERVIEW OF CLAIMS

1.      The first sentence of Paragraph 1 of the Amended Complaint contains Plaintiff's description of the nature of this action and thus requires no response.  To the extent a response is required, Defendant-Intervenor denies the allegations in the first sentence of Paragraph 1.  In response to the allegations in the second sentence, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenor denies the allegations in the remainder of Paragraph 1.

2.      Defendant-Intervenor denies the allegations in Paragraph 2 of the Amended Complaint.

3.      Defendant-Intervenor denies the allegations in Paragraph 3 of the Amended Complaint.

4.      The first sentence of Paragraph 4 of the Amended Complaint contains Plaintiff's description of the nature of this action and thus requires no response.  To the extent a response is required, Defendant-Intervenor denies the allegations in the first sentence of Paragraph 4.  In response to the allegations in the second and third sentences, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenor denies the allegations in the remainder of Paragraph 4.

5.      Defendant-Intervenor denies the allegations in sentence one of Paragraph 5 of the Amended Complaint.  The second sentence contains Plaintiff's description of the nature of this action and thus requires no response.  To the extent a response is required, Defendant-Intervenor denies the allegations in the second sentence of Paragraph 5.

## JURISDICTION AND VENUE

6.     Defendant-Intervenor admits that 28 U.S.C. § 1331 provides this Court with subject matter jurisdiction over the claims presented in the Amended Complaint, notwithstanding any other jurisdictional defects.  The allegations in the last sentence of Paragraph 6 of the Amended Complaint are legal conclusions that require no response, and, to the extent that the allegations require a response, they are denied.

7.     Defendant-Intervenor denies the allegations in Paragraph 7 of the Amended Complaint.

8.     Defendant-Intervenor admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Federal Defendants are located in Washington, D.C.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 8 of the Amended Complaint and therefore denies the same.

## PARTIES

9.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 9 of the Amended Complaint and therefore denies the same.

10.     In response to the allegations in Paragraph 10 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

11.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 11 of the Amended Complaint and therefore denies the same.

12.      Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 12 of the Amended Complaint and therefore denies the same.

13.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 13 of the Amended Complaint and therefore denies the same.

14.     Defendant-Intervenor admits the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant-Intervenor admits the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 16 of the Amended Complaint and therefore denies the same.

17.     Defendant-Intervenor admits the allegations in Paragraph 17 of the Amended Complaint.

## LEGAL BACKGROUND

18.     The allegations in Paragraph 18 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

19.     The allegations in Paragraph 19 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

20.      The allegations in Paragraph 20 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

21.     The allegations in Paragraph 21 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

22.     The allegations in Paragraph 22 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

23.     The allegations in Paragraph 23 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

24.     The allegations in Paragraph 24 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in

its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

25.    The allegations in Paragraph 25 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

26.    The allegations in Paragraph 26 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

27.    The allegations in Paragraph 27 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

28.    The allegations in Paragraph 28 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

29.    The allegations in Paragraph 29 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

30.     The allegations in Paragraph 30 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

## FACTUAL BACKGROUND

31.     Defendant-Intervenor denies the allegations in the last sentence of Paragraph 31 of the Amended Complaint.  The remainder of the allegations in Paragraph 31 constitute legal conclusions that require no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content and context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

32.     Defendant-Intervenor denies the allegations in the first sentence of Paragraph 32 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 32, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

33.     In response to the allegations in Paragraph 33 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

34.     In response to the allegations in Paragraph 34 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

35.     In response to the allegations in Paragraph 35 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

36.     In response to the allegations in the first and second sentences of Paragraph 36 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenor denies the remainder of the allegations in Paragraph 36.

37.     Defendant-Intervenor denies the allegations in Paragraph 37 of the Amended Complaint.

38.     The allegations in the first sentence of Paragraph 38 of the Amended Complaint constitute a characterization of law that requires no response.  To the extent a response is required, Defendant-Intervenor denies the allegations in the first sentence of Paragraph 38.  In response to the remainder of the allegations in Paragraph 38, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

39.     In response to the allegations in Paragraph 39 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

40.     In response to the allegations in Paragraph 40 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

41.     In response to the allegations in Paragraph 41 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

42.     In response to the allegations in Paragraph 42 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

43.     The allegations in Paragraph 43 of the Amended Complaint constitute legal conclusions that require no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.

44.     Defendant-Intervenor admits that, upon information and belief, the Bureau of Land Management ("BLM") is preparing a resource management plan referred to as the Rawlins Resource Management Plan ("RMP"), and that a draft environmental impact statement ("EIS") for the Rawlins RMP has been prepared.  In response to the remainder of the allegations in Paragraph 44, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

45.    Defendant-Intervenor denies the allegations in Paragraph 45 of the Amended Complaint.

46.    Defendant-Intervenor admits that the proposed Atlantic Rim Natural Gas Field Development Project involves drilling approximately 2,000 coalbed methane wells within the Atlantic Rim Project Area and that total surface disturbance from the drilling program will be a maximum of 7,600 acres, at any given time.  In response to the remainder of the allegations in Paragraph 46 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent these allegations require a response, they are denied.

47.    In response to the allegations in Paragraph 47 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

48.    In response to the allegations in Paragraph 48 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

49.    In response to the allegations in Paragraph 49 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

50.    In response to the allegations in Paragraph 50 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

51.    In response to the allegations in Paragraph 51 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

52.    Defendant-Intervenor denies the allegations in the first sentence of Paragraph 52 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 52, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

53.    Defendant-Intervenor denies the allegations in Paragraph 53 of the Amended Complaint.

54.    Defendant-Intervenor admits that the big game species that occur within the Atlantic Rim Project Area include pronghorn antelope, mule deer, and elk.  In response to the allegations in the second sentence in Paragraph 54 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and to the extent that these allegations require a response, they are denied.  Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the remaining averments in Paragraph 54 and therefore denies the same.

55.    In response to the allegations in Paragraph 55 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

56.    In response to the allegations in Paragraph 56 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

57.    In response to the allegations in Paragraph 57 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

58.    In response to the allegations in Paragraph 58 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

59.    In response to the allegations in Paragraph 59 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

60.    Defendant-Intervenor admits that a Final Report for the Atlantic Rim Mule Deer Study was completed in April of 2007.  In response to the remainder of the allegations in Paragraph 60 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

61.     In response to the allegations in Paragraph 61 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

62.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the first and last sentences of Paragraph 62 of the Amended Complaint and therefore denies the same.  In response to the remainder of the allegations in Paragraph 62, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

63.     Defendant-Intervenor denies the allegations in the first sentence of Paragraph 63 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 63, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

64.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 64 of the Amended Complaint and therefore denies the same.

65.     Defendant-Intervenor admits that notice of the availability of the Record of Decision ("ROD") for the Atlantic Rim Natural Gas Development Project was published in the Federal Register on May 21, 2007, at 72 Fed. Reg. 28,518.  The allegations in the second sentence of Paragraph 65 of the Amended Complaint constitute legal conclusions that require no response, and, to the extent that the allegations require a response, they are denied.  Defendant-

Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 65 and therefore denies the same.

66.     Defendant-Intervenor admits that, upon information and belief, on September 5, 2007, the Internal Board of Land Appeals ("IBLA") denied Plaintiff's Petition for Stay, and on September 10, 2007, Plaintiff withdrew its IBLA appeal in favor of this litigation. Defendant-Intervenor denies the remaining allegations in Paragraph 66.

67.     Defendant-Intervenor admits that, upon information and belief, Anadarko Petroleum Corporation, Double Eagle Petroleum Company, and Warren Resources, Inc. have commenced operations authorized under the ROD.

68.     In response to the allegations in Paragraph 68 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

69.     Defendant-Intervenor denies the allegations in the first and last sentences of Paragraph 69 of the Amended Complaint. In response to the remainder of the allegations in Paragraph 69, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

70.     In response to the allegations in Paragraph 70 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

71.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 71 of the Amended Complaint and therefore denies the same.

72.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 72 of the Amended Complaint and therefore denies the same.

73.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 73 of the Amended Complaint and therefore denies the same.

74.    In response to the allegations in Paragraph 74 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

75.    Defendant-Intervenor admits that Plaintiff has withdrawn its IBLA appeal in favor of this Amended Complaint.  The remainder of the allegations in Paragraph 75 of the Amended Complaint do not require a response.  To the extent a response is required, Defendant-Intervenor denies the remaining allegations in Paragraph 75.

76.    In response to the allegations in Paragraph 76 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

77.    Defendant-Intervenor denies the allegations in Paragraph 77 of the Amended Complaint.

78.     In response to the allegations in Paragraph 78 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

79.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 79 of the Amended Complaint and therefore denies the same.

## CLAIMS FOR RELIEF

### COUNT ONE

80.     Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 79 of the Amended Complaint as if fully set forth herein.

81.     Defendant-Intervenor denies the allegations in Paragraph 81 of the Amended Complaint.

82.     Defendant-Intervenor denies the allegations in Paragraph 82 of the Amended Complaint.

83.     Defendant-Intervenor denies the allegations in Paragraph 83 of the Amended Complaint.

### COUNT TWO

84.     Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 83 of the Amended Complaint as if fully set forth herein.

85.     Defendant-Intervenor denies the allegations in Paragraph 85 of the Amended Complaint.

86.     Defendant-Intervenor denies the allegations in Paragraph 86 of the Amended Complaint.

87.     Defendant-Intervenor denies the allegations in Paragraph 87 of the Amended Complaint.

## COUNT THREE

88.     Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 87 of the Amended Complaint as if fully set forth herein.

89.     The allegations in the first sentence of Paragraph 89 of the Amended Complaint constitute legal conclusions that require no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenor denies the remainder of the allegations in Paragraph 89.

90.     Defendant-Intervenor denies the allegations in Paragraph 90 of the Amended Complaint.

91.     Defendant-Intervenor denies the allegations in Paragraph 91 of the Amended Complaint.

## COUNT FOUR

92.     Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 91 of the Amended Complaint as if fully set forth herein.

93.     Defendant-Intervenor admits that, upon information and belief, BLM is preparing a resource management plan referred to as the Rawlins RMP, and that a draft EIS for the Rawlins RMP has been prepared.  Defendant-Intervenor denies the remainder of the allegations in Paragraph 93 of the Amended Complaint.

94.     Defendant-Intervenor denies the allegations in Paragraph 94 of the Amended Complaint.

## COUNT FIVE

95.     Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 94 of the Amended Complaint as if fully set forth herein.

96.     Defendant-Intervenor denies the allegations in the first sentence of Paragraph 96 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 96, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

97.     Defendant-Intervenor denies the allegations in Paragraph 97 of the Amended Complaint.

98.     Defendant-Intervenor denies the allegations in Paragraph 98 of the Amended Complaint.

99.     Defendant-Intervenor denies the allegations in Paragraph 99 of the Amended Complaint.

## COUNT SIX

100.     Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 99 of the Amended Complaint as if fully set forth herein.

101.     The allegations in the first sentence of Paragraph 101 of the Amended Complaint constitute legal conclusions that require no response.  To the extent a response is required, Defendant-Intervenor denies the allegations in the first sentence of Paragraph 101.  Defendant-Intervenor denies the remainder of the allegations in Paragraph 101.

**COUNT SEVEN**

102.    Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 101 of the Amended Complaint as if fully set forth herein.

103.    The allegations in sentence one of Paragraph 103 of the Amended Complaint constitute legal conclusions that require no response, and, to the extent that the allegations require a response, they are denied.  In response to the remainder of the allegations in Paragraph 103, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

104.    Defendant-Intervenor denies the allegations in Paragraph 104 of the Amended Complaint.

**COUNT EIGHT**

105.    Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 104 of the Amended Complaint as if fully set forth herein.

106.    Defendant-Intervenor denies the allegations in Paragraph 106 of the Amended Complaint.

**COUNT NINE**

107.    Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 106 of the Amended Complaint as if fully set forth herein.

108.    Defendant-Intervenor denies the allegations in Paragraph 108 of the Amended Complaint.

109.    Defendant-Intervenor denies the allegations in Paragraph 109 of the Amended Complaint.

**COUNT TEN**

110.    Defendant-Intervenor restates and incorporates by reference its responses to Paragraphs 1 through 109 of the Amended Complaint as if fully set forth herein.

111.    In response to the allegations in Paragraph 111 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

112.    Defendant-Intervenor denies the allegations in the last sentence of Paragraph 112 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 112, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

113.    Defendant-Intervenor denies the first two sentences and the last sentence in Paragraph 113 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 113, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

114.    Defendant-Intervenor denies the second and last sentences in Paragraph 114 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 114, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

115.    In response to the allegations in Paragraph 115 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

116.    In response to the allegations in Paragraph 116 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

117.    In response to the allegations in Paragraph 117 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

118.    In response to the allegations in Paragraph 118 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

119.    Defendant-Intervenor denies the allegations in Paragraph 119 of the Amended Complaint.

### COUNT ELEVEN

120.    Defendant-Intervenor restates and incorporates by reference its responses in Paragraphs 1 through 119 of the Amended Complaint as if fully set forth herein.

121.    In response to the allegations in Paragraph 121 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

122.    In response to the allegations in Paragraph 122 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

123.    Defendant-Intervenor denies the allegations in Paragraph 123 of the Amended Complaint.

124.    The allegations in the first two sentences of Paragraph 124 of the Amended Complaint set out a depiction of the law that requires no response.  Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations are deemed to require a response, they are denied.  Defendant-Intervenor denies the remainder of the allegations in Paragraph 124.

## COUNT TWELVE

125.    Defendant-Intervenor restates and incorporates by reference its responses in Paragraphs 1 through 124 of the Amended Complaint as if fully set forth herein.

126.    In response to the allegations in Paragraph 126 of the Amended Complaint, Defendant-Intervenor specifically refers to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

127.    Defendant-Intervenor denies the allegations in Paragraph 127 of the Amended Complaint.

128.    Defendant-Intervenor denies each and every allegation of the Amended Complaint not previously admitted, explained, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed in whole or in part because Plaintiff failed to exhaust administrative remedies and/or on the grounds of primary jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

The Federal Defendants did not act arbitrarily or capriciously in the development of the EIS, and the ROD did not violate any provisions of the National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA"), or the Administrative Procedures Act ("APA").

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not presented the requisite facts or evidence to warrant the remedy it seeks.

## SIXTH AFFIRMATIVE DEFENSE

The State reserves the right to assert additional defenses as they become known between the time of filing this Answer and trial.

## PRAYER FOR RELIEF

WHERFORE, Defendant-Intervenor State of Wyoming prays for judgment as follows:

1.    To the extent the Amended Complaint seeks declaratory judgment that BLM's development of the EIS and approval of the ROD were arbitrary and capricious and in violation of NEPA and FLPMA, it is denied;

2.    To the extent the Amended Complaint seeks an order requiring that the ROD and EIS be vacated, set aside and/or remanded for further consideration, it is denied;

3.    To the extent the Amended Complaint seeks an order enjoining BLM from taking any further action in reliance on the ROD, including the authorization of any specific oil and gas operations, it is denied;

4.    To the extent the Amended Complaint seeks an order enjoining BLM from taking any further action in reliance on the EIS, including the tiering of any future NEPA compliance document off of the EIS, it is denied;

5.    To the extent the Amended Complaint seeks litigation expenses of the Plaintiff, it is denied;

6.    Judgment on the merits in favor of Defendants and against the Plaintiff; and

7.    For such other relief that this Court may deem just and proper.


Dated this 16th day of April, 2008.

/s/ Teresa R. Nelson
Teresa R. Nelson
Assistant Attorney General

Jay Jerde
Deputy Attorney General
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY  82002
(307)777-6946
(307)777-3542 (facsimile)
tnelso@state.wy.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2008, the foregoing DEFENDANT-INTERVENOR STATE OF WYOMING'S ANSWER TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTED COMPLAINT was electronically filed through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and the foregoing was also served by placing the same in the United States mail, postage prepaid, to the following:

Steven M. Kupka
Thomas R. Wilmoth
Donald G. Blankenau
Blackwell Sanders LLP
206 South 13th Street, Suite 1400
Lincoln, NE 68508-2019
email: nholland@blackwellsanders.com
email: twilmoth@blackwellsanders.com
email: dblankenau@blackwellsanders.com
*Counsel for Plaintiff*

Michael B. Wigmore
Sandra P. Franco
Bingham McCutchen LLP
2020 K Street, NW
Washington, D.C. 20006-1806
email: michael.wigmore@bingham.com
email: s.franco@bingham.com
*Counsel for Defendant-Intervenors*
*Anadarko Petroleum Corporation,*
*Warren Resources, Inc.,*
*and Double Eagle Petroleum Co.*

Lori Caramanian
United States Department of Justice
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
email: lori.caramanian@usdoj.gov
*Counsel for Federal Defendants*

Robert C. Mathes
Bjork Lindley Little PC
1600 Stout Street, Suite 1400
Denver, CO 80202
email: rmathes@bjorklindley.com
*Counsel for Defendant-Intervenor*
*Double Eagle Petroleum Co.*

_____/s/ Teresa R. Nelson_____
Office of the Attorney General