# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 1:07-cv-01486-RJL |
| DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior, and UNITED STATES BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) | **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTED COMPLAINT** |
| Defendants. | ) ) | |
| ANADARKO PETROLEUM CORPORATION, WARREN RESOURCES, INC., and DOUBLE EAGLE PETROLEUM CO., and STATE OF WYOMING, | ) ) ) ) ) ) ) | |
| Defendant-Intervenors. | ) ) | |

Federal Defendants, by and through their undersigned attorneys, answer the claims and allegations of Plaintiff's Amended Complaint as set forth below. The numbered paragraphs in the answer correspond to the numbered paragraphs in the Amended Complaint.

1.      The allegations set forth in the first sentence of Paragraph 1 of the Amended Complaint contain Plaintiff's characterization of the nature of the proceedings to which no response is required. The allegations in the second sentence purport to characterize the Record of Decision (ROD) for the Atlantic Rim Gas Field Development Project, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the third

1

sentence.

2.      Defendants deny the allegations.

3.      Defendants deny the allegations.

4.      The allegations set forth in the first sentence of Paragraph 4 of the Amended Complaint contain Plaintiff's characterization of the nature of the proceedings to which no response is required.  Defendants admit the allegations in the second and third sentences of Paragraph 4. Defendants admit that the EAs are tiered to the EIS and deny the remaining allegations in the fourth sentence of Paragraph 4.

5.      The allegations set forth in the first sentence of Paragraph 5 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim Natural Gas Field Development Project Final Environmental Impact Statement (Atlantic Rim EIS) and ROD, which speak for themselves and are the best evidence of their contents.  The second sentence of Paragraph 5 contains Plaintiff's characterization of the nature of the proceedings and conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in the second sentence of Paragraph 5.

6.      The allegations set forth in Paragraph 6 of the Amended Complaint contain conclusions of law as to jurisdiction to which no response is required.

7.      The allegations set forth in Paragraph 7 of the Amended Complaint are conclusions of law, to which no response is required.

8.      The allegations set forth in the first sentence of Paragraph 8 of the Amended Complaint contain conclusions of law as to venue to which no response is required.  Defendants lack knowledge or information sufficient to respond to the allegations in the second sentence.

Defendants deny the remaining allegations.

9.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and on that basis deny the same.

10.     The allegations set forth in Paragraph 10 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS and ROD, which speak for themselves and are the best evidence of their contents.

11.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 as to TRCP's members activities and on that basis deny the same.  Defendants deny the remaining allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 and on that basis deny the same.

13.     Defendants deny the allegations.

14.     The allegations set forth in the first sentence of Paragraph 14 of the Amended Complaint contain Plaintiff's characterization of the nature of the proceedings to which no response is required. The allegations in the second sentence are conclusions of law, to which no response is required.

15.     The allegations in Paragraph 15 are conclusions of law, to which no response is required.

16.     Defendants admit the allegations.

17.     Defendants admit the allegations.

18.     The allegations in Paragraph 18 are conclusions of law, to which no response is required.

19.     The allegations in Paragraph 19 are conclusions of law, to which no response is required.

20.     The allegations in Paragraph 20 are conclusions of law, to which no response is required.

21.     The allegations in Paragraph 21 are conclusions of law, to which no response is required.

22.     The allegations in Paragraph 22 are conclusions of law, to which no response is required.

23.     The allegations in Paragraph 23 are conclusions of law, to which no response is required.

24.     The allegations in Paragraph 24 are conclusions of law, to which no response is required.

25.     The allegations in Paragraph 25 are conclusions of law, to which no response is required.

26.     The allegations in Paragraph 26 are conclusions of law, to which no response is required.

27.     The allegations contained in the first, second, and third sentences Paragraph 27 are conclusions of law, to which no response is required.  Defendants admit the allegations in the fourth sentence of Paragraph 27.

28.     The allegations in Paragraph 28 are conclusions of law, to which no response is required.

29.     The allegations in Paragraph 29 are conclusions of law, to which no response is required.

30.     The allegations in Paragraph 30 are conclusions of law, to which no response is required.

31.     The allegations in the first two sentences of Paragraph 31 are conclusions of law, to which no response is required. Defendants deny the allegations set forth in sentence three of Paragraph 31.

32.     Defendants deny the allegations in the first sentence of Paragraph 32.  The allegations set forth in the remainder of Paragraph 26 of the Amended Complaint contain Plaintiff's characterization of BLM Instruction Memoranda (IM's), which speak for themselves and are the best evidence of their contents.

33.     The allegations set forth in Paragraph 33 of the Amended Complaint contain Plaintiff's characterization of IM 2004-110, which speaks for itself and is the best evidence of its contents.

34.     The allegations set forth in Paragraph 34 of the Amended Complaint contain Plaintiff's

characterization of IM 2005-247, which speaks for itself and is the best evidence of its contents.

35.     The allegations set forth in Paragraph 35 of the Amended Complaint contains Plaintiff's characterization of a Government Accountability Office (GAO) report, which speaks for itself and is the best evidence of its contents.

36.     The allegations in Paragraph 36 are conclusions of law, to which no response is required.

37.     Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     The allegations set forth in Paragraph 38 of the Amended Complaint contain Plaintiff's characterization of the 1990 Great Divide Resource Management Plan (RMP), which speaks for itself and is the best evidence of its contents.

39.     The allegations set forth in Paragraph 39 of the Amended Complaint contain Plaintiff's characterization of the Great Divide RMP, which speaks for itself and is the best evidence of its contents.

40.     The allegations set forth in Paragraph 40 of the Amended Complaint contain Plaintiff's characterization of the Great Divide RMP, which speaks for itself and is the best evidence of its contents.

41.     The allegations set forth in Paragraph 41 of the Amended Complaint contain Plaintiff's characterization of the Great Divide RMP, which speaks for itself and is the best evidence of its contents.

42.     The allegations set forth in Paragraph 42 of the Amended Complaint contain Plaintiff's characterization of the Great Divide RMP and the Rawlins RMP Draft EIS (DEIS), which speak for themselves and are the best evidence of their contents.

43.     The allegations set forth in the first sentence of Paragraph 43 of the Amended Complaint

contain Plaintiff's characterization of the Rawlins RMP DEIS, which speaks for itself and is the best evidence of its contents. The remaining allegations are conclusions of law, to which no response is required.

44.    Defendants admit the allegations in the first sentence of Paragraph 44. The remaining allegations set forth in Paragraph 44 of the Amended Complaint contain Plaintiff's characterization of the Rawlins RMP DEIS, which speaks for itself and is the best evidence of its contents.

45.    Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.    The allegations set forth in Paragraph 46 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

47.    The allegations set forth in Paragraph 47 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

48.    The allegations set forth in Paragraph 48 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

49.    The allegations set forth in Paragraph 49 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim DEIS, which speaks for itself and is the best evidence of its contents.

50.    The allegations set forth in Paragraph 50 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim DEIS and FEIS, which speak for themselves and are the best

evidence of their contents.

51.     The allegations set forth in Paragraph 51 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim ROD, which speaks for itself and is the best evidence of its contents.

52.     Defendants deny the allegations in the first sentence of Paragraph 52.  The remaining allegations set forth in Paragraph 52 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS and EPA's comments, which speak for themselves and are the best evidence of their contents.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54.     The allegations set forth in Paragraph 54 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

55.     The allegations set forth in Paragraph 55 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

56.     The allegations set forth in Paragraph 56 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

57.     The allegations set forth in Paragraph 57 of the Amended Complaint contain Plaintiff's characterization of an April 2007 Mule Deer Study (Mule Deer Study) and the Atlantic Rim EIS, which speak for themselves and are the best evidence of their contents.

58.     The allegations set forth in Paragraph 58 of the Amended Complaint contain Plaintiff's

characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

59.    The allegations set forth in Paragraph 59 of the Amended Complaint contain Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

60.    The allegations set forth in Paragraph 60 of the Amended Complaint contain Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

61.    The allegations set forth in Paragraph 61 of the Amended Complaint contain Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

62.    The allegations set forth in the first through fourth sentences of Paragraph 62 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents. Defendants lack knowledge or information sufficient to respond to the allegations in the last sentence and on that basis deny the same.

63.    The allegations set forth in Paragraph 63 of the Amended Complaint constitute Plaintiff's characterization of two studies pertaining to Greater Sage Grouse (collectively Sage Grouse Studies), which speak for themselves and are the best evidence of their contents.

64.    Defendants admit the allegation in the first sentence of Paragraph 64 that TRCP provided BLM with comments in January 2007. The remaining allegations set forth in Paragraph 64 of the Amended Complaint contain Plaintiff's characterization of their comments on the Atlantic Rim EIS and of the Atlantic Rim ROD, which speak for themselves and are the best evidence of

their contents.

65.     The allegations set forth in sentence one of Paragraph 65 of the Amended Complaint

purport to characterize a May 21, 2007 Federal Register Notice, which speaks for itself and is the

best evidence of its contents. The allegations in the second sentence are conclusions of law,

which require no response. Defendants lack knowledge or information sufficient to answer the

allegation in the third sentence as to why TRCP filed an administrative appeal and on that basis

deny the same.  Defendants admit the appeal was timely filed.  The remaining allegations set

forth in sentence three purport to characterize the petition for stay to the Interior Board of Land

Appeals (IBLA), which speaks for itself and is the best evidence of its contents.  Defendants

admit the allegations in the fourth sentence.

66.     The allegations set forth in sentence one of Paragraph 66 of the Amended Complaint

purport to characterize a September 5, 2007 decision of the IBLA, which speaks for itself and is

the best evidence of its contents.  Defendants admit the allegations set forth in second sentence

insofar as Plaintiff withdrew its IBLA appeal on September 10, 2007.  Defendants lack

knowledge or information as to why Plaintiffs withdrew its appeal and on that basis deny the

same.  The remaining allegations in the second sentence are either conclusions of law which

require no response or purport to characterize the September 5, 2007 decision of the IBLA,

which speaks for itself and is the best evidence of its contents.

67.     Defendants admit the allegations.

68.     The allegations set forth in Paragraph 68 of the Amended Complaint purport to

characterize the August 16, 2007, Finding of No Significant Impact (FONSI) and Decision

Record (DR) for the Sun Dog A & B Plan of Development (POD), which speak for themselves

and are the best evidence of their contents.

69.      Defendants deny the allegations set forth in the first sentence of Paragraph 69 of the Amended Complaint.  The remaining allegations in Paragraph 69 purport to characterize the August 15, 2007 environmental assessment (EA) for the Sun Dog A & B PODs, which speaks for itself and is the best evidence of its contents.

70.      The allegations set forth in Paragraph 70 of the Amended Complaint purport to characterize the EA for the Sun Dog A & B PODs, which speaks for itself and is the best evidence of its contents.

71.      Defendants lack knowledge or information sufficient to respond to the allegations in the first sentence of Paragraph 71 of the Amended Complaint.  Defendants admit the remaining allegations.

72.      The allegations set forth in Paragraph 72 of the Amended Complaint purport to characterize an October 31, 2007, decision of the Deputy State Direction BLM, Wyoming, which speaks for itself and is the best evidence of its contents.

73.      Defendants admit the allegations.

74.      The allegations set forth in Paragraph 74 of the Amended Complaint purport to characterize a February 19, 2008 decision of the IBLA, which speaks for itself and is the best evidence of its contents.

75.      Defendants admit the allegations set forth in the first sentence of Paragraph 75 of the Amended Complaint insofar as Plaintiff has withdrawn its IBLA appeal, and lack knowledge or information as to why TRCP withdrew its IBLA appeal and on that basis deny the same. Defendants deny the remaining allegations in the first sentence.  The second sentence

characterizes Plaintiff's pleading, to which no response is required.

76.     The allegations set forth in Paragraph 76 of the Amended Complaint purport to characterize the June 18, 2007, DR for the Catalina A & B PODs, which speaks for itself and is the best evidence of its contents.

77.     The allegations set forth in Paragraph 77 of the Amended Complaint purport to characterize the EA for the Catalina A & B PODs, which speaks for itself and is the best evidence of its contents.

78.     The allegations set forth in Paragraph 78 of the Amended Complaint purport to characterize the EA for the Catalina A & B PODs, which speaks for itself and is the best evidence of its contents.

79.     Defendants deny the allegations.

80.     Defendants repeat each of its answers made in response to paragraphs 1 through 79 of the Amended Complaint.

81.     Defendants deny the allegations.

82.     Defendants deny the allegations.

83.     The allegations set forth in the first part of sentence one of Paragraph 83 of the Amended Complaint contain conclusions of law to which no response is required.  The allegations in the second part of sentence one purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.   Defendants deny the allegations in the second sentence.

84.     Defendants repeat each of their answers made in response to paragraphs 1 through 83 of the Amended Complaint.

85.     Defendants deny the allegations.

86.    Defendants deny the allegations.

87.    Defendants deny the allegations.

88.    Defendants repeat each of their answers made in response to paragraphs 1 through 87 of the Amended Complaint.

89.    The allegations set forth in the first sentence of Paragraph 89 of the Amended Complaint are conclusions of law, to which no response is required.  Defendants deny the remaining allegations.

90.    Defendants deny the allegations.

91.    Defendants deny the allegations.

92.    Defendants repeat each of their answers made in response to paragraphs 1 through 91 of the Amended Complaint.

93.    Defendants admit the allegations in the first, second and fourth sentences.  The allegations in the third sentence are conclusions of law, to which no response is required.

94.    Defendants deny the allegations.

95.    Defendants repeat each of their answers made in response to paragraphs 1 through 94 of the Amended Complaint.

96.    Defendants deny the allegations set forth in the first sentence of Paragraph 96 of the Amended Complaint.  The remainder of Paragraph 96 contains Plaintiff's characterization of the Mule Deer Study, which speaks for itself and is the best evidence of its contents.

97.    Defendants deny the allegations.

98.    Defendants deny the allegations set forth in the first sentence of Paragraph 98 of the Amended Complaint.  The remainder of Paragraph 98 contains Plaintiff's characterization of the

Atlantic Rim EIS, Fish & Wildlife Service comments, and a Sage Grouse Study, which speak for themselves and are the best evidence of their contents.

99.    Defendants deny the allegations.

100.    Defendants repeat each of their answers made in response to paragraphs 1 through 99 of the Amended Complaint.

101.    The allegations set forth in the first sentence of Paragraph 101 of the Amended Complaint purport to characterize the EAs and DR/FONSIs for the Sun Dog A & B and the Catalina A & B PODs, which speak for themselves and are the best evidence of their contents. Defendants deny the remaining allegations.

102.    Defendants repeat each of their answers made in response to paragraphs 1 through 101 of the Amended Complaint.

103.    The allegations set forth in the first sentence of Paragraph 103 of the Amended Complaint are conclusions of law to which no response is required.  The allegations set forth in the second sentence purport to characterize the EAs for the Sun Dog A & B and the Catalina A & B PODs, which speak for themselves and are the best evidence of their contents.

104.    Defendants deny the allegations.

105.    Defendants repeat each of their answers made in response to paragraphs 1 through 104 of the Amended Complaint.

106.    Defendants deny the allegations in the first sentence of Paragraph 106 of the Amended Complaint.  The allegations set forth in the second sentence are conclusions of law to which no response is required.  The allegations set forth in the third and fourth sentences purport to characterize the EAs for the Sun Dog A & B and the Catalina A & B PODs, and the Atlantic

13

Rim EIS and ROD, which speak for themselves and are the best evidence of their contents. Defendants deny the allegations in the fifth sentence.

107.    Defendants repeat each of their answers made in response to paragraphs 1 through 106 of the Amended Complaint.

108.    The allegations set forth in sentences one through four of Paragraph 108 of the Amended Complaint contain Plaintiff's characterization of the Great Divide RMP and the Atlantic Rim EIS and the Public Scoping Notice for the Continental Divide-Creston Development Project, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in the last sentence.

109.    The allegations set forth in the first sentence and block quote in Paragraph 109 of the Amended Complaint contain Plaintiff's characterization of a June 26, 2001 notice published in the Federal Register (Federal Register Notice), which speaks for itself and is the best evidence of its contents. Defendants admit the allegations in the second sentence.  Defendants deny the allegations in the third sentence.

110.    Defendants repeat each of their answers made in response to paragraphs 1 through 109 of the Amended Complaint.

111.    The allegations set forth in Paragraph 111 of the Amended Complaint contain Plaintiff's characterization of the Great Divide RMP and the Atlantic Rim EIS, which speak for themselves and are the best evidence of their contents.

112.    The allegations set forth in the first and second sentences of Paragraph 112 of the Amended Complaint contain Plaintiff's characterization of the Great Divide RMP and the Atlantic Rim EIS, which speak for themselves and are the best evidence of their contents.

14

Defendants deny the allegations in the third sentence.

113.    The allegations set forth in Paragraph 113 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

114.    The allegations set forth in the first, third, fourth, and fifth sentences of Paragraph 114 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS and ROD, which speak for themselves and are the best evidence of their contents.  Defendants deny the allegations in the second sentence.

115.    The allegations set forth in Paragraph 115 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

116.    The allegations set forth in Paragraph 116 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

117.    The allegations set forth in Paragraph 117 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

118.    The allegations set forth in Paragraph 118 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

119.    Defendants deny the allegations.

120.    Defendants repeat each of their answers made in response to paragraphs 1 through 119 of

the Amended Complaint.

121.    The allegations set forth in Paragraph 121 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

122.    The allegations set forth in Paragraph 122 of the Amended Complaint contain Plaintiff's characterization of the Atlantic Rim EIS, which speaks for itself and is the best evidence of its contents.

123.    Defendants deny the allegations set forth in the first sentence of Paragraph 123. The allegations in the second and third sentences purport to characterize the DRs for the Sun Dog A & B and the Catalina A & B PODs, which speak for themselves and are the best evidence of their contents. Defendants deny the allegations in the fourth and fifth sentences.

124.    The allegations set forth in the first and second sentences of Paragraph 124 of the Amended Complaint are conclusions of law to which no response is required. Defendants deny the allegations in the third and fourth sentences.

125.    Defendant repeats each of its answers made in response to paragraphs 1 through 124 of the Amended Complaint.

126.    The allegations set forth in Paragraph 126 of the Amended Complaint are conclusions of law, to which no response is required.

127.    Defendants deny the allegations.

A-I.    The remainder of the Amended Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief requested in their prayer for relief, including each and every

subpart, or any other relief whatsoever.

GENERAL DENIAL Defendants deny any allegations of the Amended Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

WHEREFORE, Defendants respectfully pray that this Court deny in all respects Plaintiff's prayer for relief, dismiss the Amended Complaint, enter judgment for defendant, and grant such other relief as may be appropriate.

Respectfully submitted this 23rd day of April, 2008.


RONALD J. TENPAS
Assistant Attorney General

   /s/ Lori Caramanian
LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado   80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
lori.caramanian@usdoj.gov


Of Counsel
Art Kleven
United States Department of the Interior
Office of the Solicitor
755 Parfet Street, Room 151
Lakewood, CO 80215