IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THEODORE ROOSEVELT<br>CONSERVATION PARTNERSHIP<br>555 Eleventh St. N.W., 6th Floor<br>Washington, DC 20004,<br><br>Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, in his official<br>capacity as the Secretary of the United States<br>Department of the Interior<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>and<br><br>UNITED STATES BUREAU OF LAND<br>MANAGEMENT<br>1849 C Street, N.W., Room 406-LS<br>Washington, DC 20240,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:07-cv-01486-RJL |
| ANADARKO PETROLEUM CORPORATION,<br>P.O. Box 1330<br>Houston, TX 77251-1330,<br><br>WARREN RESOURCES, INC.,<br>489 Fifth Avenue, 32nd Floor<br>New York, NY 10017,<br><br>DOUBLE EAGLE PETROLEUM CO.,<br>777 Overland Trail, Suite 208<br>P.O. Box 766<br>Casper, WY 82602-0766,<br><br>Defendant-Intervenors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

|                          |   |
|--------------------------|---|
| STATE OF WYOMING         | ) |
| 123 Capitol Building     | ) |
| Cheyenne, WY 82002       | ) |
|                          | ) |
|     Defendant-Intervenor.| ) |
|                          | ) |

## ANSWER OF ANADARKO PETROLEUM CORPORATION, WARREN RESOURCES, INC. AND DOUBLE EAGLE PETROLEUM CO. TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTED COMPLAINT

Defendant-Intervenors Anadarko Petroleum Corporation ("Anadarko"), Warren Resources, Inc. ("Warren") and Double Eagle Petroleum Co. ("Double Eagle") (collectively referred to as "Defendant-Intervenors") for their Answer in response to the First Amended and Supplemented Complaint (the "Amended Complaint") filed by Plaintiff Theodore Roosevelt Conservation Partnership (the "Plaintiff") in this matter state as follows:

## INTRODUCTION AND OVERVIEW OF CLAIMS

1. The allegations in the first sentence of Paragraph 1 of the Amended Complaint consist of Plaintiff's characterization of the nature of the case and require no response. To the extent a response is deemed required, Defendant-Intervenors deny the allegations. Defendant-Intervenors deny the allegations in the remainder of this paragraph.

2. Defendant-Intervenors deny the allegations in Paragraph 2 of the Amended Complaint.

3. Defendant-Intervenors deny the allegations in Paragraph 3 of the Amended Complaint.

4. Defendant-Intervenors deny the allegations in the last sentence of Paragraph 4 of the Amended Complaint. The allegations in the remainder of Paragraph 4 consist of Plaintiff's

characterization of the nature of the case and require no response.  To the extent a response is deemed required, Defendant-Intervenors deny the allegations.

5.     The allegations in Paragraph 5 of the Amended Complaint consist of Plaintiff's characterization of the nature of the case and require no response.  To the extent a response is deemed required, Defendant-Intervenors deny the allegations.

## JURISDICTION AND VENUE

6.     Defendant-Intervenors admit that 28 U.S.C. § 1331 provides this Court with subject matter jurisdiction over the claims set forth in the Amended Complaint, in the absence of any other jurisdictional defect.  The allegations in the last sentence of Paragraph 6 of the Amended Complaint constitute legal conclusions that require no response.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 6 of the Amended Complaint.

7.     Defendant-Intervenors deny the allegations in Paragraph 7 of the Amended Complaint.

8.     Defendant-Intervenors admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because defendants are located in Washington, D.C.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the remainder of Paragraph 8 of the Amended Complaint and therefore deny same.

## PARTIES

9.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 9 of the Amended Complaint.

10.     In response to the allegations in Paragraph 10 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

11.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 11 of the Amended Complaint and therefore deny same.

12.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 12 of the Amended Complaint and therefore deny same.

13.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 13 of the Amended Complaint and therefore deny same.

14.    Defendant-Intervenors admit the allegations in Paragraph 14 of the Amended Complaint.

15.    Defendant-Intervenors admit the allegations in Paragraph 15 of the Amended Complaint.

16.    Defendant-Intervenors admit the allegations in Paragraph 16 of the Amended Complaint.

17.    Defendant-Intervenors admit that the State of Wyoming has intervened as a Defendant in this case.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Amended Complaint and therefore deny same.

## LEGAL BACKGROUND

18.     The allegations in Paragraph 18 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

19.     The allegations in Paragraph 19 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

20.     The allegations in Paragraph 20 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

21.     The allegations in Paragraph 21 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

22.     The allegations in Paragraph 22 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

23.     The allegations in Paragraph 23 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the

cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

24.     The allegations in Paragraph 24 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

25.     The allegations in Paragraph 25 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

26.     The allegations in Paragraph 26 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

27.     The allegations in Paragraph 27 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

28.     The allegations in Paragraph 28 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

29.     The allegations in Paragraph 29 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

30.     The allegations in Paragraph 30 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

## FACTUAL BACKGROUND

31.     Defendant-Intervenors deny the allegations in the last sentence of Paragraph 31 of the Amended Complaint.  The remainder of the allegations in Paragraph 31 of the Amended Complaint constitute legal conclusions that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

32.     Defendant-Intervenors deny the allegations in the first sentence of Paragraph 32 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 32, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

33.     In response to the allegations in Paragraph 33 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

34.     In response to the allegations in Paragraph 34 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

35.     In response to the allegations in Paragraph 35 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

36.     Defendant-Intervenors deny the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant-Intervenors deny the allegations in Paragraph 37 of the Amended Complaint.

38.     The allegations in the first sentence of Paragraph 38 of the Amended Complaint constitute a characterization of law that requires no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  In response to the remainder of the allegations in Paragraph 38 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

39.     In response to the allegations in Paragraph 39 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

40.     In response to the allegations in Paragraph 40 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

41.     In response to the allegations in Paragraph 41 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

42.     In response to the allegations in Paragraph 42 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

43.     The allegations in Paragraph 43 of the Amended Complaint constitute legal conclusions that require no response.  To the extent they require a response, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and they are denied.

44.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the first sentence of Paragraph 44 of the Amended Complaint and therefore deny same.  In response to the remainder of the allegations in Paragraph 44, Defendant-Intervenors specifically refer to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

45.    Defendant-Intervenors deny the allegations in Paragraph 45 of the Amended Complaint.

46.    Defendant-Intervenors admit that the proposed Atlantic Rim Natural Gas Field Development Project involves drilling approximately 2,000 coalbed methane wells within the Atlantic Rim Project Area and that total surface disturbance from the drilling program will be a maximum of 7,600 acres, at any given time. In response to the remainder of the allegations in Paragraph 46 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

47.    In response to the allegations in Paragraph 47 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

48.    In response to the allegations in Paragraph 48 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

49.    In response to the allegations in Paragraph 49 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

50.    In response to the allegations in Paragraph 50 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

51.    In response to the allegations in Paragraph 51 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

52.    Defendant-Intervenors deny the allegations in the first sentence in Paragraph 52 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 52, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

53.    Defendant-Intervenors deny the allegations in Paragraph 53 of the Amended Complaint.

54.    In response to the allegations in the second sentence of Paragraph 54 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the remaining averments in Paragraph 54 and therefore deny same.

55.    In response to the allegations in Paragraph 55 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

56.     In response to the allegations in Paragraph 56 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

57.     In response to the allegations in Paragraph 57 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

58.     In response to the allegations in Paragraph 58 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

59.     In response to the allegations in Paragraph 59 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

60.     Defendant-Intervenors admit that a Final Report for the Atlantic Rim Mule Deer Study was completed in April of 2007.  In response to the remainder of the allegations in Paragraph 60 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

61.     In response to the allegations in Paragraph 61 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

62.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in the first and last sentences of Paragraph 62 of the Amended Complaint and therefore deny same.  In response to the remainder of the allegations in Paragraph 62, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

63.     Defendant-Intervenors deny the allegations in the first sentence of Paragraph 63 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 63 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

64.     Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 64 of the Amended Complaint and therefore deny same.

65.     Defendant-Intervenors admit that notice of the availability of the ROD for the Atlantic Rim Natural Gas Development Project was published in the Federal Register on May 21, 2007 at 72 Fed. Reg. 28,518.  Defendant-Intervenors also admit that at least four administrative appeals were filed with the Interior Board of Land Appeals related to the actions at issue in this case, including one filed by the Plaintiff and further states that each of the

Defendant-Intervenors are also Intervenors in those cases.  Defendant-Intervenors admit that

Plaintiff has filed a petition for a stay before the Interior Board of Land Appeals, which was

denied on or about September 5, 2007.  Defendant-Intervenors further state, upon information

and belief, that Plaintiff filed a notice withdrawing its appeal, and the Interior Board of Land

Appeals dismissed the administrative appeal on September 12, 2007.  The remainder of the

allegations in Paragraph 65 constitute legal conclusion that require no response, and, to the

extent that these allegations require a response, they are denied.

      66.     Defendant-Intervenors admit that the Interior Board of Land Appeals denied

Plaintiff's Petition for Stay on or about September 5, 2007.  Defendant-Intervenors also admit

that Plaintiff filed a notice withdrawing its appeal, and the Interior Board of Land Appeals

dismissed the administrative appeal on September 12, 2007.  Defendant-Intervenors do not have

sufficient information or knowledge to form a belief as to the truth of the remaining allegations

in Paragraph 66 of the Amended Complaint and therefore deny same.

      67.     Defendant-Intervenors admit that certain plans of development within the Atlantic

Rim Project Area have been approved by the BLM and that construction has already commenced

with respect to those approved projects.  Defendant-Intervenors deny the remainder of the

allegations in Paragraph 67 of the Amended Complaint.

      68.     Defendant-Intervenors admit that the BLM approved a proposed action that

involved the construction or reconstruction of access roads and well pads for the drilling of

coalbed methane ("CBM", also referred to as coalbed natural gas or "CBNG") wells and 3

produced water re-injection wells, along with the construction, use and reclamation of

appurtenant gas and water gathering pipelines and utility corridors for two plans of development

("PODs"), referred to as the Sun Dog PODs A and B.  Defendant-Intervenors admit that the Sun

Dog PODs A and B are located within the Atlantic Rim Project Area. Defendant-Intervenors deny the remainder of the allegations in Paragraph 68 of the Amended Complaint.

69.    Defendant-Intervenors deny the first and last sentences in Paragraph 69 of the Amended Complaint. In response to the remainder of the allegations in Paragraph 69, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

70.    In response to the allegations in Paragraph 70 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

71.    Defendant-Intervenors admit that TRCP sought State Director Review of BLM's decision to approve Sun Dog PODs A and B on or about September 14, 2007. Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 71 of the Amended Complaint and therefore deny same.

72.    Defendant-Intervenors admit that the Deputy State Director, Minerals and Lands, Wyoming, BLM, denied Plaintiff's request for State Director Review on October 31, 2007, citing to pending litigation in this Court. Defendant-Intervenors deny the remainder of the allegations in Paragraph 72 of the Amended Complaint.

73.    Defendant-Intervenors admit that Plaintiff sought review of the Deputy State Director's October 31, 2007 decision by the Interior Board of Land Appeals and that BLM sought to stay that appeal. With respect to the remainder of the allegations in the Paragraph, Defendant-Intervenors specifically refer to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

74.    Defendant-Intervenors admit that, on February 19, 2008, the Interior Board of Land Appeals denied Plaintiff's Petition for Stay pending its appeal of the October 31, 2007 decision and granted BLM's motion for stay of the appeal.  With respect to the remainder of the allegations in the Paragraph, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

75.    Defendant-Intervenors admit that Plaintiff withdrew its appeal before the Interior Board of Land Appeals.  Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 75 of the Amended Complaint and therefore deny same.

76.    Defendant-Intervenors admit that the BLM approved a proposed action that involved the construction and/or reconstruction of access roads and well pads for the drilling of 37 CBNG wells and 3 produced water re-injection wells for two PODs, referred to as the Catalina PODs A and B.  Catalina POD B includes a central delivery point system.  Defendant-Intervenors also admit that Catalina PODs A and B are located within the Atlantic Rim Project Area.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 76 of the Amended Complaint.

77.    Defendant-Intervenors deny the allegations in Paragraph 77 of the Amended Complaint.

78.    In response to the allegations in Paragraph 78 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

79.    Defendant-Intervenors do not have sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 79 of the Amended Complaint and therefore deny same.

## CLAIMS FOR RELIEF

### COUNT ONE

80.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 79 above as if fully set forth herein.

81.    Defendant-Intervenors deny the allegations in Paragraph 81 of the Amended Complaint.

82.    Defendant-Intervenors deny the allegations in Paragraph 82 of the Amended Complaint.

83.    Defendant-Intervenors deny the allegations in Paragraph 83 of the Amended Complaint.

### COUNT TWO

84.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 83 above as if fully set forth herein.

85.    Defendant-Intervenors deny the allegations in Paragraph 85 of the Amended Complaint.

86.    Defendant-Intervenors deny the allegations in Paragraph 86 of the Amended Complaint.

87.     Defendant-Intervenors deny the allegations in Paragraph 87 of the Amended Complaint.

## COUNT THREE

88.     Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 87 above as if fully set forth herein.

89.     The allegations in the first sentence of Paragraph 89 of the Amended Complaint constitute legal conclusions that require no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 89.

90.     Defendant-Intervenors deny the allegations in Paragraph 90 of the Amended Complaint.

91.     Defendant-Intervenors deny the allegations in Paragraph 91 of the Amended Complaint.

## COUNT FOUR

92.     Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 91 above as if fully set forth herein.

93.     Defendant-Intervenors admit that, upon information and belief, BLM is preparing a resource management plan referred to as the Rawlins Resource Management Plan ("RMP"), and that a draft and final environmental impact statement for the Rawlins RMP has been prepared.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 93 of the Amended Complaint.

94.     Defendant-Intervenors deny the allegations in Paragraph 94 of the Amended Complaint.

## COUNT FIVE

95.     Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 94 above as if fully set forth herein.

96.     Defendant-Intervenors deny the allegations in the first sentence of Paragraph 96 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 96 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

97.     Defendant-Intervenors deny the allegations in Paragraph 97 of the Amended Complaint.

98.     Defendant-Intervenors deny the allegations in Paragraph 98 of the Amended Complaint.

99.     Defendant-Intervenors deny the allegations in Paragraph 99 of the Amended Complaint.

## COUNT SIX

100.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 99 above as if fully set forth herein.

101.    Defendant-Intervenors admit that the environmental assessments for the BLM's decisions approving the Sun Dog and Catalina PODs are tiered to the Atlantic Rim EIS in accordance with the National Environmental Policy Act.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 101 of the Amended Complaint.

**COUNT SEVEN**

102.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 101 above as if fully set forth herein.

103.    The allegations in the first sentence of Paragraph 103 of the Amended Complaint constitute legal conclusions that require no response.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 103.

104.    Defendant-Intervenors deny the allegations in Paragraph 104 of the Amended Complaint.

**COUNT EIGHT**

105.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 104 above as if fully set forth herein.

106.    Defendant-Intervenors deny the allegations in Paragraph 106 of the Amended Complaint.

**COUNT NINE**

107.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 106 above as if fully set forth herein.

108.    In response to the allegations in the third sentence of Paragraph 108 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 108.

109.    Defendant-Intervenors deny the allegations in Paragraph 109 of the Amended Complaint.

**COUNT TEN**

110.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 109 above as if fully set forth herein.

111.    In response to the allegations in Paragraph 111 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

112.    Defendant-Intervenors deny the allegations in the last sentence in Paragraph 112 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 112 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

113.    Defendant-Intervenors deny the first two sentences and the last sentence in Paragraph 113 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 113, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

114.    Defendant-Intervenors deny the second and last sentences in Paragraph 114 of the Amended Complaint.  In response to the remainder of the allegations in Paragraph 114, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

115.     In response to the allegations in Paragraph 115 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

116.     In response to the allegations in Paragraph 116 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

117.     In response to the allegations in Paragraph 117 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

118.     In response to the allegations in Paragraph 118 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

119.     Defendant-Intervenors deny the allegations in Paragraph 119 of the Amended Complaint.

### COUNT ELEVEN

120.     Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 119 above as if fully set forth herein.

121.     In response to the allegations in Paragraph 121 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words,

substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

122.    In response to the allegations in Paragraph 122 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

123.    Defendant-Intervenors deny the allegations in Paragraph 123 of the Amended Complaint.

124.    The allegations in the first two sentence of Paragraph 124 of the Amended Complaint consist of Plaintiff's characterization of the nature of the case and require no response.  Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  Defendant-Intervenors deny the remainder of the allegations in Paragraph 124 of the Complaint.

## COUNT TWELVE

125.    Defendant-Intervenors restate and incorporate by reference their responses in Paragraphs 1 through 124 above as if fully set forth herein.

126.    In response to the allegations in Paragraph 126 of the Amended Complaint, Defendant-Intervenors specifically refer to the cited source in its entirety for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

127.    Defendant-Intervenors deny the allegations in Paragraph 127 of the Amended Complaint.

128.    Defendant-Intervenors deny each and every allegation of the Amended Complaint not previously admitted, explained, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed in whole or in part because Plaintiff failed to exhaust administrative remedies and/or on the grounds of primary jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenors Anadarko Petroleum Corporation, Warren Resources, Inc. and Double Eagle Petroleum Co. pray for judgment as follows:

1.    To the extent the Amended Complaint seeks declaratory judgment that BLM's development of the EIS and approval of the ROD were arbitrary and capricious and in violation of NEPA and FLPMA, it is denied;

2.    To the extent the Amended Complaint seeks an order requiring that the ROD and EIS be vacated, set aside and remanded for further consideration, it is denied;

3.    To the extent the Amended Complaint seeks a judgment that BLM acted arbitrarily and capriciously when tiering the POD decisions to the EIS and that the POD decisions violate NEPA, it is denied;

4.    To the extent the Amended Complaint seeks an order requiring that the POD decisions be vacated, set aside and remanded for further consideration, it is denied;

5.    To the extent the Amended Complaint seeks an order enjoining BLM from taking any further action in reliance on the ROD, including the authorization of any specific oil and gas operations, it is denied;

6.     To the extent the Amended Complaint seeks an order enjoining BLM from taking any further action in reliance on the EIS, including the tiering of any future NEPA compliance document off of the EIS, it is denied;

7.     To the extent the Amended Complaint seeks litigation expenses of the Plaintiff, it is denied;

8.     Judgment on the merits in favor of Defendants and against the Plaintiff; and

9.     For such other relief that this Court may deem just and proper.

Respectfully submitted,


_____/s/ Michael B. Wigmore_____
Michael B. Wigmore (DC Bar # 436114)
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, D.C.  20006
(202) 373-6000
(202) 373-6001 (facsimile)

*Counsel for Anadarko Petroleum Corporation, Warren Resources, Inc. and Double Eagle Petroleum Co.*


Robert C. Mathes (DC Bar # 484255)
Bjork Lindley Little PC
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 892-1400
(303) 892-1401 (facsimile)

Dated:  April 25, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of April, 2008, I caused to be filed Answer of

Anadarko Petroleum Corporation, Warren Resources, Inc. and Double Eagle Petroleum Co. to

Plaintiff's First Amended And Supplemented Complaint electronically through the CM/ECF

system, which caused the following parties or counsel to be served by electronic means, as more

fully reflected on the Notice of Electronic Filing:

> Donald G. Blankenau
> Thomas R. Wilmoth
> Steven Michael Kupka
> HUSCH BLACKWELL SANDERS LLP
> 206 South 13th Street
> Suite 1400
> Lincoln, NE 68508-2019
> (402) 458-1500
> (402) 458-1510 (fax)
> don.blankenau@huschblackwell.com
> tom.wilmoth@huschblackwell.com
> nancilee.holland@huschblackwell.com
> *Attorney for Theodore Roosevelt Conservation Partnership*
>
> Lori Caramanian
> U.S. DEPARTMENT OF JUSTICE
> 1961 Stout St.
> 8th Floor
> Denver, CO 80294
> (303) 312-7393
> Fax: (303) 844-1499
> Email: lori.caramanian@usdoj.gov
> *Attorney for Defendants*

John Scudder Burbridge
Kristen A. Dolan
Jay A. Jerde
Teresa Rachel Nelson
WYOMING ATTORNEY GENERAL'S OFFICE
123 Capitol Avenue
Cheyenne, WY 82002
(307) 777-6946
jburb1@state.wy.us
kdolan@state.wy.us
jjerde@state.wy.us
tnelso@state.wy.us
*Counsel for Defendant-Intervenor State of Wyoming*

/s/ Michael B. Wigmore
Michael B. Wigmore