UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>DIRK KEMPTHORNE, in his official )<br>capacity as the Secretary of the United States )<br>Department of the Interior, and UNITED STATES )<br>BUREAU OF LAND MANAGEMENT,  )<br>)<br>Defendants.  )<br>)<br>ANADARKO PETROLEUM CORPORATION, )<br>WARREN RESOURCES, INC., and DOUBLE )<br>EAGLE PETROLEUM CO., )<br>and )<br>STATE OF WYOMING, )<br>)<br>Defendant-Intervenors.  )<br>) | Civil No. 1:07-cv-01486-RJL |

**DEFENDANTS' COMBINED STATEMENT OF FACTS AS TO WHICH THERE IS NO GENUINE ISSUE AND RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), Federal Defendants provide the following combined statement of material facts as to which there is no genuine issue and response to Plaintiff's statement of material facts as to which there is no genuine issue.

The parties in this case are currently briefing cross-motions for summary judgment under Fed. R. Civ. P. 56 and LCvR 7. Defendants are filing herewith papers in support of their motion for summary judgment and in response to Plaintiff's motion for summary judgment. LCvR 7(h)

requires the submission of a statement of material facts, which the movant contends are not in dispute.  For the reasons explained below, however, there are no material facts in this case.

"Since neither the FLPMA nor NEPA provides a private right of action," a challenge to agency action must be brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 551 et seq., which requires 'final agency action for which there is no other adequate remedy in a court.'" Lujan v. National Wildlife Federation, 497 U.S. 871, 872 (1990); Karst Envt'l Educ. & Protection, Inc. v. EPA, 475 F.3d 1291, 1295 (D.C. Cir. 2007) (citation omitted).  While the parties are moving for summary judgment pursuant to Federal Rule of Civil Procedure 56, "[i]n a case involving review of a final agency action under the APA . . . the standard set forth in Rule 56(c) does not apply because of the limited role of a court in reviewing the administrative record." North Carolina Fisheries Ass'n v. Gutierrez, 518 F. Supp. 2d 62, 79 (D.D.C. 2007), citing Sierra Club v. Mainella, 459 F. Supp. 2d 76, 89-90 (D.D.C. 2006).

The North Carolina Fisheries court explained, "[u]nder the APA, it is the it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas 'the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'" 581 F. Supp. 2d at 79, quoting Occidental Eng'g Co. v. INS, 753 F.3d 766, 769-70 (9th Cir. 1985) and citing Northwest Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1472 (9th Cir. 1994 ("[T]his case involves review of a final agency determination under the [APA]; therefore, resolution of th[e] matter does not require fact finding on behalf of this court.").  Therefore, summary judgment simply "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review."  518 F. Supp. 2d at 79, citing Richards v. INS, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977), cited in Bloch

v. Powell, 227 F. Supp. 2d 25, 31 (D.D.C. 2002), aff'd 348 F.3d 1060 (D.C. Cir. 2003).

Plaintiff filed a "Statement Of Material Facts" containing 236 numbered paragraphs of supposedly undisputed facts, most of which are actually characterizations of the administrative record. These documents speak for themselves and are the best evidence of their contents. Federal Defendants dispute any characterizations consistent with the language of those documents. Plaintiff also improperly relies on two extra record declarations and exhibits which Federal Defendants have separately moved to strike, and which the Court should disregard. Any facts not contained in the administrative record are not material to the decision.

For the reasons stated above, Defendants disagree that any of the "facts" set forth in Plaintiff's Statement are facts material to this Court's consideration of the Cross-Motions for Summary Judgment.

Respectfully submitted this 12th day of June, 2008.

              RONALD J. TENPAS
              Assistant Attorney General
              United States Department of Justice
              Environment & Natural Resources Division

                /s/ *Lori Caramanian*
              Lori Caramanian
              United States Department of Justice
              Environment and Natural Resources Division
              Environment & Natural Resources Division
              1961 Stout Street, 8th Floor
              Denver, CO 80294
              Phone: (303) 844-1499
              Fax: (303) 844-1350
              lori.caramanian@usdoj.gov

              Attorneys for Federal Defendants

Arthur R. Kleven
Attorney-Advisor

U.S. Department of the Interior
Office of the Solicitor, Rocky Mtn. Region