# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP, ) ) ) ) Plaintiffs, ) ) v. ) ) DIRK KEMPTHORNE, in his official ) capacity as the Secretary of the United States ) Department of the Interior, and UNITED STATES ) BUREAU OF LAND MANAGEMENT, ) ) Defendants. ) ) ANADARKO PETROLEUM CORPORATION, ) WARREN RESOURCES, INC., and DOUBLE ) EAGLE PETROLEUM CO., ) and ) STATE OF WYOMING, ) ) Defendant-Intervenors. ) ) | Civil No. 1:07-cv-01486-RJL |

## FEDERAL DEFENDANTS' MOTION TO STRIKE

Federal Defendants submit the following memorandum in support of their motion to strike several extra-record exhibits attached to Plaintiff's Motion for Summary Judgment: Exhibits A and B, the declarations of Clait Braun and Rollin Sparrowe, including attachments, and Exhibits K-N. By attempting to rely on these documents in its summary judgment motion, Plaintiff seeks a second "bite at the apple" in its attempts to improperly expand the scope of judicial review beyond the administrative record. Plaintiff makes no effort to meet its burden of explaining why this Court should disregard the limitations of the Administrative Procedure Act, which require that the Court's

1

review be limited to the administrative record. It offers no explanation as to why the Court should consider the declaration of Clait Braun and Rollin Sparrowe, where neither of them offered comments on the proposed action during the decision making process, when the Bureau of Land Management (BLM) could have considered and responded to them. Plaintiff waited until a year after the March 23, 2007 Record of Decision to decide that it had important information that BLM should have considered. Plaintiff's unexplained actions prejudice Federal Defendants and should not stand.

This Court set out a process for resolving disputes over the adequacy of the administrative record. That process called for the Federal Defendants to submit the administrative record to the Court and stated that "[i]n the event a Party has concerns regarding the content or completeness of the administrative record, it shall raise those concerns to the Federal Defendants . . . and attempt to resolve those concerns in good faith." Docket 28-2 at 2. The order further provides that "[i]n the event there is no unresolved dispute over the content of the administrative record, the following schedule" shall apply. Id. That process was followed. Federal Defendants worked with Plaintiff to address its concerns, and filed supplements to the record on March 28 and April 17, 2008. Plaintiffs did not file a motion objecting to the content or completeness of the record, but instead filed its summary judgment motion on June 6, 2008.

It is telling that Plaintiff makes no effort to establish that its extra-record evidence falls within  one of the limited exceptions allowing the Court to expanded review beyond the administrative record. Plaintiff does not argue that the record is inadequate as a basis for the Court to review the BLM's decision on the Atlantic Rim project, and provides no explanation at all as to why the Court should consider the declarations. Nor should the Court not permit Plaintiff to skirt

2

the limitations contained in the Administrative Procedure Act through the avenue of judicial notice. Instead, the Court should strike these improperly referenced documents and those portions of Plaintiff's summary judgment brief and Statement of Facts that rely upon them.

## II. ARGUMENT

The Court's review of the merits of this case is limited to the administrative record. The administrative record consists of the documents considered by the decisionmaker in making the decision. The administrative record in this case is over 100,000 pages, including the two-volume EIS and dozens of scientific studies supporting the analysis. Plaintiff's extra-record exhibits, compiled by Plaintiff to support its motion for summary judgment, were not considered by or available to the decisionmaker and thus should not be considered by this Court. Plaintiff makes no attempt to show that the exhibits it offers fall within one of the limited exceptions to the rule limiting review to the administrative record. Its only statement is that the Court should take judicial notice of "official government publications," but judicial notice is not an appropriate means of side-stepping the APA's limitations. The Court should reject Plaintiff's improper attempt to expand review beyond the administrative record by striking these exhibits.

**A.     Under the APA, the Court's Review of BLM's Decision Is Restricted to the Administrative Record**

Plaintiffs' challenge is before the Court pursuant to the United States' waiver of sovereign immunity in the APA, 5 U.S.C. §§ 551-706; Am. Complaint ¶ 6. It is well established that a court's review under the APA is restricted to "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The Supreme Court has emphasized the strict limitations that the APA imposes on judicial review:

> We have made it abundantly clear before that when there is a contemporaneous

>   explanation of the agency decision, the validity of that action must "stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review. If that finding is not sustainable on the administrative record made, then the [agency] decision must be vacated and the matter remanded to [the agency] for further consideration." Camp v. Pitts, 411 U.S. 138, 143 (1973).

Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519, 549 (1978). The Court's responsibility is to determine whether the agency's action is reasonable; the basis for this inquiry is the agency's administrative record underlying that decision. Limiting judicial review to the agency's record protects the integrity of the administrative process and precludes the reviewing court from conducting a de novo review of the agency's decision. See also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-421 (1971). Under the APA, therefore, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); see also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981); Fund for Animals v. Babbitt, 903 F. Supp 96, 105 (D.D.C. 1995). "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." Walter O. Boswell Memorial Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984). Further, a presumption of validity attaches to agency decisions made on the record. Ethyl Corp. v. EPA, 541 F.2d 1, 34 (D.C. Cir.) (en banc), cert. denied, 426 U.S. 941 (1976). While some narrow exceptions to the rule of record review have been recognized, Plaintiff has made no attempt to show they are applicable here.

It is plaintiff's burden to demonstrate that the record is inadequate as a basis for the Court's review. See Ammex, Inc. v. United States, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999) ("In order to provide such a 'reasonable basis,' a party must do more than simply allege that the record

is incomplete. Rather, a party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record."). The courts "assume[] the agency properly designated the Administrative Record absent clear evidence to the contrary." Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993); see also Ammex Inc., 62 F. Supp. 2d at 1156.

Plaintiff has made no showing that the administrative record is inadequate as a basis for the Court's review, or that it would be appropriate for the Court to rely on extra-record evidence to evaluate BLM's decision. Instead, without asking leave from this Court, it simply attached the improper material to its brief and statement of facts. It is inaccurate to suggest that the Court could not glean from the comprehensive administrative record, or as the APA states, "those parts of it cited by a party," whether the allegations plaintiff levels at defendants have any merit. The Court should therefore strike the improper material.

## B.     The Court Should Not Take Judicial Notice of the Exhibits

Taking judicial notice of the documents would likewise defeat the purpose of limiting review to the record. Federal Rule 201(b) allows the Court to take judicial notice of a fact when it is

> not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). Judicial notice is intended to allow a court to accept "for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact," such as "the fact that water freezes at 32 degrees Fahrenheit." Black's Law Dictionary (8th ed. 2004). See also Weinstein v. Islamic Republic of Iran, 175 F. Supp. 2d 13, 16 (D.D.C. 2001) (discussing various cases where judicial notice was taken, court identified as properly within the scope of judicial notice

the fact that "Edward K. Campbell, was the retired Chief Justice of the Court of Claims of the United States" and in another case, that a petition for rehearing had been filed, facts that "were straightforward and easy to ascertain."). Plaintiff does not identify what facts it would like the Court to take judicial notice of, it merely states that the Court should take judicial notice of the "official government documents" referenced in its statement of facts. Plfs. SOF at i. Here, BLM properly explained its rationale, and the Court should not go beyond the administrative record to evaluate its decision. Taking judicial notice of the documents would likewise defeat the purpose of limiting review to the record. The Court should therefore deny Plaintiff's request that it take judicial notice of these documents.

Federal Defendants' Motion to Strike the extra-record exhibits should be granted. The Court should also strike those portions of Plaintiff's brief that improperly reference these documents. Rybachek v. EPA, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (granting motion to strike portions of petitioners' brief that included and relies on extra record materials).

Pursuant to LCvR 7(m), Federal Defendants conferred with the other parties to obtain their position. Plaintiff opposes the motion and Defendant Intervenors support it.

Respectfully submitted this 12th day of June, 2008.

           RONALD J. TENPAS
           Assistant Attorney General
           United States Department of Justice
           Environment & Natural Resources Division

             /s/ Lori Caramanian
           Lori Caramanian
           United States Department of Justice
           Environment and Natural Resources Division
           Environment & Natural Resources Division
           1961 Stout Street, 8th Floor
           Denver, CO 80294

                                          Phone: (303) 844-1499
                                          Fax: (303) 844-1350
                                          Email: lori.caramanian@usdoj.gov

                                          Attorneys for Federal Defendants

Arthur R. Kleven
Attorney-Advisor
U.S. Department of the Interior
Office of the Solicitor, Rocky Mtn. Region

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP, | ) ) ) ) |  |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | Civil No. 1:07-cv-01486-RJL |
| DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior, and UNITED STATES BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |
| ANADARKO PETROLEUM CORPORATION, WARREN RESOURCES, INC., and DOUBLE EAGLE PETROLEUM CO., and STATE OF WYOMING, | ) ) ) ) ) ) |  |
| Defendant-Intervenors. | ) ) ) |  |

### [PROPOSED] ORDER
### GRANTING FEDERAL DEFENDANTS MOTION TO STRIKE

**THIS MATTER** comes before the Court on the Federal Defendants' Motion to Strike, filed May 6, 2008 ("Defendants' Motion to Strike").

**IT IS ORDERED** that the Federal Defendants' Motion to Strike is granted. The Court will strike the extra-record exhibits attached to Plaintiff's Motion for Summary Judgment including Exhibits A and B, the declarations of Clait Braun and Rollin Sparrowe, including attachments, and Exhibits K-N.

1

**SO ORDERED**.

DATED: _____    _____
                                                                          RICHARD J. LEON
                                                                          UNITED STATES DISTRICT JUDGE