**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP, <br><br>Plaintiffs, <br><br>v. <br><br>DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br>Defendants. <br><br>ANADARKO PETROLEUM CORPORATION, WARREN RESOURCES, INC., and DOUBLE EAGLE PETROLEUM CO., <br>and <br>STATE OF WYOMING, <br><br>Defendant-Intervenors. | Civil No. 1:07-cv-01486-RJL |

**FEDERAL DEFENDANTS' SECOND MOTION TO STRIKE**

___

Federal Defendants previously moved to strike several extra-record exhibits attached to Plaintiff's Motion for Summary Judgment. Plaintiff improperly attached several more extra record documents to its summary judgment reply, and the Court should also strike those documents and the portions of Plaintiff's brief that rely on them. As Exhibit 1A to its summary judgment reply brief, Plaintiff attached a April 7, 2008 Freedom of Information Act (FOIA) request; BLM's May 13, 2008 response letter, and the attachments to that letter. Federal Defendants' reasons for opposing extra-

1

record evidence are fully set forth in our previous motion to strike and reply, and we will not belabor them.  In addition, Plaintiff's argument that the Court should consider the post-decisional documents because they allegedly show the decision was incorrect or, alternatively, show bad faith by BLM, are wrong.  Further, the D.C. Circuit has recently issued a decision that supports Federal Defendants' position that review is limited to the record unless the plaintiff can "demonstrate unusual circumstances justifying a departure from this general rule."  American Wildlands v. Kempthorne, No. 07-5179, 2008 U.S. App. LEXIS 14500, at *25 (D.C. Cir. July 8, 2008).  Because Plaintiff has not shown in the first instance that unusual circumstances exist, i.e., (1) because the agency "deliberately or negligently excluded documents that may have been adverse to its decision;" (2) because background information is necessary to determine  "whether the agency considered all of the relevant factors;" or (3) because "the agency failed to explain administrative action so as to frustrate judicial review," id., at *26,  the Court should deny its request to consider the extra-record evidence.

## II. ARGUMENT

In American Wildlands, the D.C. Circuit recently re-affirmed the familiar principles applicable to review of agency decisionmaking under the Administrative Procedure Act (APA):

> When reviewing agency action under the APA, we review "the whole record or those parts of it cited by a party."5 U.S.C. § 706. . . . Ordinarily, "review is to be based on the full administrative record that was before the Secretary at the time he made his decision." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); see also Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C.Cir.1984). We do not allow parties to supplement the record "unless they can demonstrate unusual circumstances justifying a departure from this general rule." Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp., 940 F.2d 685, 698 (D.C. Cir. 1991). We have recognized such circumstances in at least three instances, see James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (collecting cases): (1) "[T]he agency deliberately or negligently excluded documents that may have been adverse to its decision," id.; (2) "the district court needed to supplement the record with 'background information'

> in order to determine whether the agency considered all of the relevant factors," id.; or (3) "the agency failed to explain administrative action so as to frustrate judicial review," id. (internal quotation marks and brackets omitted).

Id. at *25-26. American Wildlands sought to supplement the record with two letters from scientists written after the decision was made. Id. at *25. Because they were post-decisional, the court held that they were "not part of the administrative record." Id. at *26. Nor did they "satisfy any of the 'unusual circumstances.'" Id. Therefore, because Plaintiff can not overcome its initial burden of showing (and has made no attempt to show) that unusual circumstances exist, the Court should deny its motion.

Even if Plaintiff could overcome the initial hurdle, Plaintiff's assertion that the Court should consider the documents because they allegedly show that BLM's decision was incorrect is factually incorrect and legally without merit. First, contrary to Plaintiff's assertion, as we explain in our summary judgment reply, the documents actually show that BLM is carrying out the commitments it made in the ROD. Second, there is no exception to the record review rule allowing consideration of extra-record material merely to demonstrate whether the decision was correct or not. Supplementation of the administrative record is not permitted as a means for plaintiffs to question the wisdom or correctness of an agency's decision. See Envtl. Def. Fund, Inc. v. Costle, 657 F.2d 275, 285 (D.C. Cir. 1981) ("Consideration of [extra-record] evidence to determine the correctness or wisdom of the agency's decision is not permitted . . . .").

Plaintiff is incorrect in arguing that "extra record evidence may be considered 'in cases where evidence arising after the agency action shows whether the decision was correct or not.'" Plfs. SJ Reply at 36, quoting Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). As the D.C. Circuit and other decisions have subsequently observed, the statement in Esch that merely quoted

two scholars' compilation of reasons why some courts have supplemented an administrative record is *dicta*. See, e.g., Peterson Farms I v. Espy, 1994 WL 26331, at *3, 15 F.3d 1160 (D.C. Cir. Jan. 25, 1994) (Esch exceptions are "dicta"); Oceana, Inc. v. Evans, 384 F. Supp. 2d 203, 217 n.17 (D.D.C. 2005) (recognizing the eight exceptions set forth in Esch as dicta); Beverly Enter. v. Herman, 130 F. Supp. 2d 1, 8 n.2 (D.D.C. 2000) (noting that the exceptions are limited). Even more significant, the D.C. Circuit has not permitted consideration of extra-record evidence merely to show whether the decision was correct or not.

Finally, Plaintiff cites Stainback v. Secretary of Navy, 520 F. Supp. 2d 181, 188 (D.D.C. 2007) to support its conclusory assertion that its post-decisional evidence shows that the agency's decision "smacks of bad faith," but Stainback undercuts its argument. The court held that an administrative record may be supplemented only "'where there is a "strong showing of bad faith or improper behavior" on the part of the agency,'" Id. at 118, quoting Amfac Resorts v. Dep't of the Interior, 143 F. Supp. 2d 7, 11-12 (D.D.C. 2001) (citing Citizens to Pres. Overton Park v. Volpe, 401 U.S. 402, 420 (1971)); see also James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (citing Overton Park, 401 U.S. at 420). Plaintiff has made no such showing. Moreover, as stated above, the extra-record evidence itself demonstrates that BLM is fulfilling its obligations under the Atlantic Rim Project ROD.

## **Conclusion**

Federal Defendants' Second Motion to Strike the extra-record exhibits should be granted. The Court should also strike those portions of Plaintiff's brief that improperly reference these documents. Rybachek v. EPA, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (granting motion to strike portions of petitioners' brief that included and relies on extra record materials).

Respectfully submitted this 31st day of July, 2008.

                                  RONALD J. TENPAS
                                  Assistant Attorney General
                                  United States Department of Justice
                                  Environment & Natural Resources Division

                                  /s/ Lori Caramanian
                                  Lori Caramanian
                                  United States Department of Justice
                                  Environment and Natural Resources Division
                                  Environment & Natural Resources Division
                                  1961 Stout Street, 8th Floor
                                  Denver, CO 80294
                                  Phone: (303) 844-1499
                                  Fax: (303) 844-1350
                                  Email: lori.caramanian@usdoj.gov

                                  Attorneys for Federal Defendants

Arthur R. Kleven
Attorney-Advisor
U.S. Department of the Interior
Office of the Solicitor, Rocky Mtn. Region