## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE ROOSEVELT CONSERVATION PARTNERSHIP, ) ) ) ) Plaintiffs, ) ) v. ) ) DIRK KEMPTHORNE, in his official ) capacity as the Secretary of the United States ) Department of the Interior, and UNITED STATES ) BUREAU OF LAND MANAGEMENT, ) ) Defendants. ) ) ANADARKO PETROLEUM CORPORATION, ) WARREN RESOURCES, INC., and DOUBLE ) EAGLE PETROLEUM CO., ) and ) STATE OF WYOMING, ) ) Defendant-Intervenors. ) ) | Civil No. 1:07-cv-01486-RJL |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF SECOND MOTION TO STRIKE**
___

In its response to Federal Defendants' second motion to strike, Plaintiff wrongly continues to insist that <u>Esch v. Yuetter</u>, 876 F.2d 976 (D.C. Cir. 1989) is controlling and that it permits this Court to consider extra record evidence arising after the decision to evaluate whether the decision was correct or not. Plf's Reply to Second Motion to Strike at 4. Plaintiff also continues to insist, although it utterly fails to support its claim, that Federal Defendants' actions "intimate bad faith or improper behavior." <u>Id.</u> at 5. However, Plaintiff's reliance on a 1974 decision addressing agency rulemaking, combined with its failure to address <u>American Wildlands v. Kempthorne</u>, 530 F.3d 991

1

(D.C. Cir. 2008), the Circuit's most recent decision addressing the propriety of a court's consideration of extra-record evidence, amply illustrates that Plaintiff's arguments are completely without merit.

Plaintiff relies on extra-record evidence, various documents BLM provided it in response to a Freedom of Information Act request, to support its allegation that BLM violated NEPA. Plfs. SJ Reply at 35-36. As an initial matter, Plaintiff's request that the Court consider the extra-record evidence does not even fit into the exception upon which Plaintiff primarily relies because the documents are not relevant to the question of whether the agency's predictions about the effects of its actions are wrong. Rather, Plaintiff's argument is that the documents show that BLM should not be trusted because, in Plaintiff's opinion, the documents show that BLM is not carrying out its commitments as set forth in the ROD. As we explained in our summary judgment reply, Plaintiff's interpretation of the documents is off-base. Fed. Def. SJ Reply at 24-25. The documents in fact show that BLM is carrying out its commitments. Id. But, even assuming *arguendo*, that an exception existed that permitted the Court to consider documents arising after the decision to establish whether the agency's decision was correct or not, Plaintiff's attempt to shoehorn these documents into that exception fails because the documents reveal nothing about the correctness of the agency's predictions.

Further, as we showed in our second motion to strike, the plaintiff has the burden of showing that "unusual circumstances" justify a departure from the general rule limiting review to the record because (1) the agency excluded documents adverse to its decision; (2) the district court needed to supplement the record with background information in order to determine whether the agency considered relevant factors; (3) or the record is so deficient that it frustrates judicial review.

American Wildlands, 530 F.3d at 1002.  Plaintiff has made no attempt to make such showing, or to show why American Wildlands is not controlling.  It does not address American Wildlands at all.  Therefore, because Plaintiff can not overcome its initial burden of showing (and has made no attempt to show) that unusual circumstances justify consideration of extra-record evidence, the Court should not consider the extra-record materials.

While Esch cited as dicta an exception permitting extra-record evidence arising after the agency decision to evaluate the correctness of the agency decision, 876 F.2d at 991, the D.C. Circuit has not permitted consideration of extra-record evidence on that basis in a challenge such as that before the Court.  Plaintiff takes BLM to task for observing that the discussion in Esch is *dicta*, but the D.C. Circuit has also made that same observation.  See Peterson Farms I v. Espy, 1994 WL 26331 at *3, 15 F.3d 1160 (D.C. Cir. Jan. 25, 1994).  Plaintiff attempts to revive its argument by citing a 1974 decision, Amoco v. EPA, 501 F.2d 722 (D.C. Cir. 1974), as support for its argument that the court should consider extra record evidence that bears on the plausibility of agency predictions.  Plfs. Reply to Second Motion to Strike at 4.  Plaintiff's reliance is misplaced.  In that case, the court was considering a challenge to rulemaking under the Clean Air Act.  Further, the court emphasized the need to "tread cautiously" in considering evidence arising after the decision was made. 501 F.2d at 729 n.10.  The court also noted unique circumstances in that after the rulemaking, testimony was given before Congress and the EPA administrator subsequently formally re-affirmed EPA's predictions in the Federal Register.  Id.  Finally, the court allowed the agency to supplement the record, not the plaintiff.  Id.  See also Camp v. Pitts, 411 U.S. 138, 142-43 (1973) (remedy for unclear record is to obtain from the agency additional explanation of the reasons for decision).

It is telling that Plaintiff also fails to address <u>Envtl. Def. Fund, Inc. v. Costle</u>, 657 F.2d 275, 285 (D.C. Cir. 1981), cited in our Second Motion to Strike, where the D.C. Circuit addressed the question of when extra-record evidence should be permitted. The Court observed that "[i]n the time since <u>Overton Park</u> and <u>Camp v. Pitts</u>, several rules and exceptions governing the scope of informal agency action have emerged from subsequent decisions." <u>Id.</u> It reiterated the familiar principles that the "focal point for judicial review should be the administrative record already in existence, not some new record completed initially in the reviewing court," and that when the record is inadequate the court may require the agency to provide additional explanation. <u>Id.</u> The court further explained that in cases involving challenges to informal agency decisionmaking such as the case before this Court:

> "If the reviewing court finds it necessary to go outside the administrative record, it should consider evidence relevant to the substantive merits of the agency action only for background information, . . . or for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds for decision. Consideration of the evidence to determine the correctness or wisdom of the agency's decision is not permitted, even when the court has also examined the administrative record."

<u>Id.</u> at 285, quoting <u>Asarco, Inc. v. E.P.A.</u>, 616 F.2d 1153, 1160 (9th Cir. 1980) (internal citation omitted). That comports with the Circuit's most recent pronouncement in <u>American Wildlands</u>, which re-affirmed the general principle that courts should waive the rule limiting review to the record only if unusual circumstances exist.

Further, as the Supreme Court has explained, in a NEPA challenge, because NEPA does not mandate particular results, the court's role is not to determine whether the agency action is right or wrong, but rather whether it was arbitrary or capricious. <u>Robertson v. Methow Valley Citizens Council</u>, 490 U.S. 332, 350-51 (1989) ("NEPA merely prohibits uninformed-rather than

unwise-agency action."). Plaintiff's argument for a weakened interpretation of the rule limiting review to the administrative record should be rejected. See <u>Airport Communities Coalition v. Graves</u>, 280 F. Supp. 2d 1207, 1212-13 (W.D. Wash. 2003) (rejecting plaintiff's efforts to submit new information that plaintiff contended called into question "the underlying assumptions and facts" that were the basis for the agency's decision, the court stated that consideration of the new information would result in "'Monday morning quarterbacking'" and would improperly transform the court's analysis "into *de novo* review, a level of review for which this court is not authorized.").

Finally, Plaintiff continues to assert that BLM's actions are evidence of bad faith, but its conclusory assertion that "the March 13, 2008 FOIA letter shows" BLM's adaptive management "obligations are not being met," Plf's Reply to Second Motion to Strike at 5, falls far short of its obligation to make a "strong showing" of bad faith or improper behavior by the agency that would permit consideration of extra record evidence. See <u>Stainback v. Secretary of Navy</u>, 520 F. Supp. 2d 181, 188 (D.D.C. 2007); <u>Hammond v. Norton</u>, 370 F. Supp. 2d 226, 266 (D.D.C. 2005) (plaintiffs' claim of bad faith dismissed where they failed to provide "unambiguous facts or evidence to substantiate their accusations of bad faith."). Contrary to Plaintiff's assertion, the extra-record evidence shows that BLM is carrying out its obligations under the ROD. It is not evidence of bad faith, and the Court should not consider it under that exception.

Federal Defendants' Second Motion to Strike the extra-record exhibits should be granted.

Respectfully submitted this 15th day of August, 2008.

                          RONALD J. TENPAS
                          Assistant Attorney General
                          United States Department of Justice
                          Environment & Natural Resources Division

        /s/ Lori Caramanian
Lori Caramanian
United States Department of Justice
Environment and Natural Resources Division
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1499
Fax: (303) 844-1350
Email: lori.caramanian@usdoj.gov

Attorneys for Federal Defendants

Arthur R. Kleven
Attorney-Advisor
U.S. Department of the Interior
Office of the Solicitor, Rocky Mtn. Region